## SARAH J. BLOUNT v. ROYAL FRATERNAL ASSOCIATION (INC.).

### (Filed 17 September, 1913.)

1. **Insurance—Policies—Stamped Provisions—Contracts.**

   Provisions upon which a life insurance policy is issued, stamped upon the face of policy, are a part of the contract entered into, and the validity of these provisions is not affected because they are so stamped.

2. **Same—Presumptions.**

   There is no presumption that changes have been made in a policy of life insurance because upon the face of the policy contract are stamped additional provisions to those therein printed or written.

3. **Same—Evidence.**

   The legal presumption is in favor of the contract as printed or written, which, in cases of life insurance policies, extends to such further provisions as may thereon be stamped upon their face; and this presumption is aided when the plaintiff in his action declares upon the contract and introduces it in evidence in its entirety without allegation or proof to the contrary.

4. **Insurance Commissioner—Approval of Policy—Interpretation of Statutes.**

   Where a policy of life insurance for $500 is sued on, which on its face states that it will be reduced in certain contingencies,

which provisions the plaintiff claims to be void because the company has not obtained the approval of the Insurance Commissioner under the requirements of Revisal, sec. 4773a, and therefore he should recover the face value of the policy, the burden of proof is on the plaintiff to show that the approval of the Insurance Commissioner had not been obtained as the statute requires.

**5. Same—Contracts—Presumptions.**

   A policy of life insurance for less than $500 is not invalid when the approval of the Insurance Commissioner has not been obtained for its issuance (Revisal, 4773a), there being no express provision making it so under such circumstances.

APPEAL by plaintiff from *Whedbee, J.,* at April Term, 1913, of WASHINGTON:

This action is to recover the amount of a certificate of insurance for $500, containing the following provision stamped on its face, above the signatures of the officers of the defendant executing the same: "This certificate is issued with the provision that in case of death of the member not more than one-fifth of the amount otherwise due will be payable for each full year of membership," and with the following stipulation indorsed thereon: "The death benefit due on this certificate will be increased 10 per cent per annum of the amount written within for each expired year of membership in force, to continue for a period of ten years, or until the amount written is doubled by such increase." The insured died after one year's full membership, and the only controversy is the amount the plaintiff is entitled to recover. The plaintiff contends that the burden is on the defendant to show that the Insurance Commissioner has approved the issuing of a certificate for less than $500, as provided in Revisal, sec. 4773a, and that having failed to offer any evidence of this fact, the provision stamped on the certificate is void, and she is entitled to recover the face of the certificate, $500, increased by 10 per cent, according to the indorsed stipulation, or a total of $550.

The defendant contends that the certificate is valid as a whole, and that the plaintiff is entitled to recover $110, which is the amount admitted to be due if effect is given to all the terms of the certificate, including the provision stamped thereon.

His Honor rendered judgment in accordance with the contention of the defendant for $110 and costs, and the plaintiff excepted and appealed.

*Gaylord & Gaylord and P. H. Bell for plaintiff.*
*T. T. Thorne for defendant.*

ALLEN, J.   There is neither ·allegation nor proof that the certificate of insurance, containing the provision reducing the amount of insurance to less than $500 in certain contingencies, has not been approved by the Insurance Commissioner, and as the validity of the provision is not affected by the fact that it was stamped on the certificate, it is a part of the contract.

In *Waters v. Annuity Co.,* 144 N. C., 671, there was a paster on the policy and entries on the application, and the Court said of them: "It is urged upon our attention that some of the entries, by means of which the application was made to accord with the policy and the paster, were made on the margin of the application and written longitudinally, and that such entries, so made, and even the paster itself, are presumptive evidence of a change in the contract after the application had been first signed. But neither the authorities nor the known usage in the making of such contracts are in support of the position to the extent contended for.   We know that these policies, as well as the applications, are gotten up on printed forms designed to meet the average and general demand in contracts of this nature, and frequently changes are made to meet special circumstances; that these are ordinarily noted on the margin, and a slip is then pasted on the face of the policy to express the contract as affected by these changes.   In the absence, therefore, of some special circumstances tending to cast suspicion on such entries, there should be no presumption of any alteration."

The presumption is in favor of the validity of all contracts (*Loyd v. Loyd,* 113 N. C., 189), and this presumption is aided in this case, as the plaintiff declares on the contract, without alleging the fact upon which she now relies to destroy a part of it, and she also introduced the contract in evidence in its entirety.

We are, therefore, of opinion, if the contention of the plaintiff as to the legal effect of Revisal, sec. 4773a, is sound, that, as the presumption is that the contract and every part thereof is valid, nothing to the contrary appearing on the face of it, the burden was on the plaintiff to allege and prove that the Insurance Commissioner did not approve the certificate, and having failed to do so, she cannot recover more than the sum of $110 awarded here.

If, however, the fact appeared affirmatively that the Insurance Commissioner had not approved the certificate, we would not give our assent to the position of the plaintiff that this would avoid the effect of the provision stamped on the certificate, leaving other parts of the certificate in force.

The section of the Revisal relied on reads as follows: "It shall be unlawful for any insurance company, association, or order or society doing business in this State to issue, sell, or dispose of any policy, contract, or certificate for less than $500, or use applications in connection therewith, until the forms of which have been submitted to and approved by the Insurance Commissioner of North Carolina, and copies filed in the Insurance Department."

The statute does not purport to deal with the validity of the contract of insurance, but with the insurance company.

It does not say a policy for less than $500 shall be void unless approved by the Insurance Commissioner, but that it shall be unlawful for the company to issue such policy, and the reason for the language used is obvious. Those who apply for policies of less than $500 usually have little experience in the forms of insurance, or other contracts, and it was thought wise for the Insurance Commissioner to have special supervision over their contracts for their protection, but it was not intended to relieve the company from the contract made.

If the position of the plaintiff should prevail, a policy for $300 would be unlawful unless approved by the Insurance Commissioner, and no recovery could be had on it, except possibly upon the idea that the insured would not be *in pari delicto* with the company.

The case of *Ober v. Katzenstein,* 160 N. C., 440, is in point. There the plaintiff sued upon a contract for the sale of fertilizer, and the defendant contended that the contract was illegal because the plaintiff had failed to comply with the requirements of the statute as to domestication, and was, therefore, doing business in the State unlawfully; but the Court said: "But the statute does not invalidate either the express contract made between the plaintiff and the defendant, nor, indeed, the implied contract raised by the receipt of the goods of the former by the defendant. This point has been recently adjudicated. *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352. If the State, in addition to the penalty, had desired to render invalid the contract and to deny a recovery thereon, it would have so enacted, as it has done in regard to gambling and other illegal contracts."

We are, therefore, of opinion there is no error.

Affirmed.