LONNIE McNEAL v. LIFE AND CASUALTY INSURANCE
COMPANY OF TENNESSEE.

(Filed 3 November, 1926.)

1. **Insurance, Life—Policy — Assignee of Policy — Insurable Interest—Pleadings.**

Where a policy of life insurance is taken out payable to the estate of the insured, and has been issued to the insured, he may make a valid assignment thereof to another in good faith and in the absence of a fraudulent purpose, and the one to whom it has been assigned may, upon its maturity, maintain his action against the insurer without alleging or proving that he had an insurable interest in the policy.

2. **Same—Fraud—Good Faith — Pleadings — Demurrer — Questions for Jury.**

As to whether the insured has assigned a policy of life insurance payable to his estate to another in good faith, or as a cloak to conceal a wagering contract, is a question for the jury when the issue is presented upon demurrer.

3. **Insurance, Life—Statutes—Medical Examination—Void Contracts.**

C. S., 6460, requiring a medical examination before the issuance of a life insurance policy, is a regulation imposed upon the insurer, and a failure to comply with this provision does not render the policy void as to the insured's rights thereunder.

4. **Statutes—Declaratory Statute—Insurance, Life—Medical Examination.**

The amendment by chapter 82, Public Laws of 1925, to C. S., 6460, was declaratory of the existing law with regard to the medical examination of the applicant for a policy of life insurance.

CIVIL ACTION, tried before *Barnhill, J.,* upon appeal from the city court of Raleigh, at the April Term, 1926, of WAKE.

Plaintiff alleged that on 4 February, 1924, the defendant issued a policy of life insurance in the sum of $300.00 to Isaac Hodge, said policy being No. U-4096891, and being payable to the estate of said Hodge; that thereafter the said Hodge duly assigned said policy to the plaintiff, Lonnie McNeal. It was further alleged that Hodge died on 5 May, 1924, and that said policy of insurance was paid up and in good standing at the time of his death.

The defendant filed answer, admitting that the policy was issued on the life of Isaac Hodge; and, while not denying the assignment, alleges that the policy was secured by fraud and fraudulent misrepresentation, in that the said Hodge was suffering with tuberculosis at the time the application for said policy was made.

Whereupon, the plaintiff filed a reply, denying that the insured Hodge ever filed an application for insurance and alleging that an agent of the defendant wrote the policy upon the life of Hodge and

accepted premium thereon, and that said policy was issued to Hodge without medical examination, and, therefore, contrary to law. In the meantime Lonnie McNeal died and his administrator, S. R. Murray, was duly made a party.

When the case was called for trial the following judgment was rendered: "This cause coming on to be heard and the defendant having moved for judgment on the pleadings, said pleadings consisting of a complaint, the answer and the reply of the plaintiff, and it appearing to the court that the plaintiff did not allege that he had an insurable interest in the life of the deceased, Isaac Hodge, and furthermore, that it was alleged in the reply that the policy contract was executed without a written application having been made by the insured, the deceased, Isaac Hodge, in violation of the statute relating thereto; and in the making of said motion for judgment on the pleadings, the defendant tendered judgment for the sum of $4.50, being the amount of the premiums that had been paid on the said policy and for costs to date;

It is thereupon considered, ordered and adjudged, that the plaintiff recover of the defendant the sum of $4.50 and the costs of this action, and that as to the other matters alleged in the complaint the action is hereby dismissed."

From said judgment plaintiff appealed.

*H. L. Swain for plaintiff.*
*Willis Smith for defendant.*

Brogden, J. When a policy of insurance, properly executed, is offered by the insurer and accepted by the insured as the evidence of their contract, it must be conclusively presumed to contain all the terms of the agreement for insurance by which the parties intend to be bound. And when a formal written policy is delivered and accepted, the written policy, while it remains unaltered, constitutes the contract between the parties. *Clements v. Ins. Co.,* 155 N. C., 57; *Wilson v. Ins. Co.,* 155 N. C., 173; *Hollingsworth v. Supreme Council,* 175 N. C., 615; *Guarantee Corporation v. Electric Co.,* 179 N. C., 402.

While it is admitted in the pleadings that the policy sued on was executed and delivered to Isaac Hodge, the defendant contends that the judgment of the court should be sustained by reason of the fact that the plaintiff had no insurable interest in the life of the deceased, Isaac Hodge, and, further, that it appeared that the policy had been issued without a medical examination as required by C. S., 6460. Two questions, therefore, are presented by this contention:

1st. Was it necessary for the plaintiff to allege and prove an insurable interest in the life of Isaac Hodge?

2nd. Was the policy void by reason of failure to comply with C. S., 6460?

The first contention as to insurable interest cannot be sustained for the reason that the policy was not originally issued to the plaintiff but issued to Isaac Hodge and payable to his estate. The policy was assigned, sometime after its issue, to the plaintiff. If the assignment was valid, then no insurable interest was necessary. This principle of law was thus stated by *Justice Hoke* in *Hardy v. Insurance Co.,* 152 N. C., 286: "We consider it, however, as established by the great weight of authority that where an insurant makes a contract with a company, taking out a policy on his own life for the benefit of himself or his estate generally, or for the benefit of another, the policy being in good faith and valid at its inception, the same may, with the assent of the company, be assigned to one not having an insurable interest in the life of the insured; provided, this assignment is in good faith, and not a mere cloak or cover for a wagering transaction." *Johnson v. Ins. Co.,* 157 N. C., 107; *Howell v. Ins. Co.,* 189 N. C., 212.

As to whether or not the assignment was made in good faith or as a mere cloak or cover for a wagering contract is a question of fact for the jury.

In regard to the second question as to the effect of C. S., 6460, the law is thus declared by *Justice Hoke* in *Morgan v. Fraternal Asso.,* 170 N. C., 75: "But the authorities are to the effect that, when a statute or valid regulation in restraint only of the company's action is made for the protection of the policyholder, a recovery may ordinarily be had, though the contract is in breach of the regulation."

In *Blount v. Fraternal Asso.,* 163 N. C., 167, *Justice Allen* says, referring to C. S., 6312: "The statute does not purport to deal with the validity of the contract of insurance, but with the insurance company." C. S., 6460 does not purport to invalidate the policy, but is a regulation of law imposed upon the insurance company. If it had been the intention of the Legislature, in enacting C. S., 6460, to invalidate the contract and to deny recovery thereon, it would have so enacted. *Ober v. Katzenstein,* 160 N. C., 440; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352; *Robinson v. Life Co.,* 163 N. C., 415.

C. S., 6460, was amended by chapter 82 of the Public Laws of 1925. This amendment provides, in substance, that where there has been no medical examination, the policy shall not be rendered void nor payment resisted on account of any misrepresentation as to physical condition of the applicant, except in cases of fraud. This statute, of course, was enacted subsequent to the institution of the present suit,

but it is in effect a legislative declaration of the law heretofore announced by the Court in the *Blount case, supra,* and in the *Robinson case, supra.*

We conclude, therefore, that there was error in the judgment and that the case should be tried upon its merits.

Reversed.