LUNDY B. HOLBROOK v. AMERICAN NATIONAL INSURANCE COMPANY.

(Filed 5 December, 1928.)

**Insurance—Avoidance of Policy for Misrepresentations or Fraud—Matters Relating to Person Insured.**

Under the provisions of C. S., 6460, as amended by chapter 13, Public Laws of 1927, and also with the amendment of chapter 82, Public Laws of 1925, a policy of life insurance where no medical examination of the applicant is required by the insurer under the statute, the policy to be

. void must be accompanied with fraudulent misrepresentations as to the health of the applicant, which must be shown by the company in resisting an action to recover upon the policy, and the fact that the insured was not in sound health at the time the policy was issued contrary to a provision in the policy is insufficient.

CIVIL ACTION, before *Lyon, J.*, at September Term, 1928, of FORSYTH.

The evidence tended to show that on 2 May, 1927, the defendant issued and delivered to Nora Lee Holbrook a life insurance policy in the sum of $500. Seven days thereafter, to wit, on 9 May, 1928, the insured died. The evidence further tended to show that the insured was not in sound health at the time the policy was delivered but was suffering with anæmia and tuberculosis. The policy was issued without medical examination and contained the following clause: *"Provided however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health."*

The cause was tried in the Forsyth County Court and the jury answered in the affirmative the following issue, among others: "Was the insured, at the date of the issuance of said policy, in unsound health, as alleged in the answer?" Judgment was rendered in the county court against the plaintiff and in favor of the defendant. Thereupon the plaintiff appealed to the Superior Court of Forsyth County. The trial judge in the Superior Court rendered the following judgment: "This cause coming on to be heard and being heard on appeal from the Forsyth County Court before Hon. C. C. Lyon, judge presiding, and it appearing to the court that an error was made in the court below in permitting defendant to resist payment of the policy of insurance in controversy for any reason except fraud; wherefore, it is ordered, adjudged and decreed that the cause be, and hereby is, remanded to the Forsyth County Court and a new trial ordered thereon."

From the judgment of the Superior Court the defendant appealed.

*C. B. Poindexter and Z. C. Camp for plaintiff.*
*Fred M. Parrish for defendant.*

BROGDEN, J. Does C. S., 6460, apply to a life insurance policy issued without medical examination for a sum less than $5,000?

C. S., 6460, as it first appeared in Consolidated Statutes, prohibited life insurance companies from issuing policies "in an amount equal to or exceeding $300" without medical examination. The section was amended by chapter 82, Public Laws of 1925, which increased the amount of policies issued without medical examination to a sum not exceeding $2,000. This act, however, added a proviso as follows: *"Provided,* that where there has been no medical examination the policy shall not be ren-

dered void, nor shall payment be resisted on account of any misrepresentation as to the physical condition of applicant, except in cases of fraud." Subsequently the Legislature enacted chapter 13, Public Laws of 1927. This statute repealed all prior statutes and reënacted section 6460 as it now appears in Michie's Annotated Code of 1927. The present C. S., 6460, authorizes insurance companies to issue a life policy without medical examination up to $5,000, but the proviso is the same as contained in chapter 82, Public Laws of 1925. The movement of the law upon the subject clearly indicates that the General Assembly was disposed to permit insurance companies to increase the size of policies that could be written without medical examination, but at the same time, in order to protect the insured, it prescribed that if a policy was issued without medical examination the insurance company could not resist payment of the policy on the ground of physical unsoundness at the time of issuance, "except in cases of fraud." That is to say, if an insurance company issued a policy to a person it knew to be physically unsound, or took a chance upon a physical unsoundness and without medical examination, then in such event it could not take advantage of its own act in issuing such policy to one physically unsound "except in cases of fraud."

The defendant relies upon the following cases: *American National Ins. Co. v. Crystal,* 272 S. W., 262; *Seabach v. Metropolitan Life,* 274 Ill., 516; *Southern Surety Co. v. Benton,* 280 S. W., 551. An examination of these cases, however, discloses that there was no statutory enactment similar to C. S., 6460. Indeed, practically the same question was decided by this Court in *McNeal v. Ins. Co.,* 192 N. C., 450, 135 S. E., 300.

Affirmed.