MAGGIE GILMORE v. IMPERIAL LIFE INSURANCE COMPANY.

(Filed 29 October, 1930.)

**Insurance E b—Provision in policy of life insurance that no benefits would be allowed in case of death from apoplexy within one year is valid.**

A provision in a policy of life insurance that the insurer would not be liable except for the return of the premium paid in case the insured died from apoplexy within one year from the date of the issuance of the policy is valid and enforceable in the insurer's favor, C. S., 6460, not being applicable to the facts of this case. *Holbrook v. Ins. Co.*, 196 N. C., 333, cited and distinguished.

APPEAL by plaintiff from *Midyette, J.*, at April Term, 1930, of CUMBERLAND. Affirmed.

The following judgment was rendered by the court below: "This cause coming on to be heard, and being heard, and it appearing to the court by admissions of counsel for the plaintiff and defendant, respectively, that on 16 July, 1928, the defendant issued its life insurance policy contract on the life of Thomas Gilmore, husband of the plaintiff, and that the plaintiff was named as beneficiary by the name of Annie Gilmore, which is the same person as the plaintiff, Maggie Gilmore; and that within less than one year the insured, Thomas Gilmore, died of apoplexy, and that said policy contract contained, among other things, the following clause: 'No benefits will be allowed for death caused by consumption, pellagra, Bright's disease, apoplexy or organic heart disease within one year, or suicide until the policy has been in force for two years, liability of the company is limited to the return of the premiums on this policy.' That the amount of the premium paid on said policy was $6.80, which was returned to the beneficiary prior to the institution of this action. Upon the foregoing facts, which are admitted, and also found by the court, it is therefore considered, ordered and adjudged that the plaintiff is not entitled to recover anything of the defendant, and that the aforesaid stipulation in said policy is valid and binding provision of the said policy, and it is further ordered that the plaintiff be taxed with the costs."

*A. M. Moore for plaintiff.*
*Jones Fuller and Bullard & Stringfield for defendant.*

CLARKSON, J. The facts set forth in the judgment of the court below are controlling. The policy contract, in clear language, provides that if the insured dies of "apoplexy" within one year, the liability of the company is limited to the return of the premiums, which have been returned to the plaintiff, beneficiary, prior to the institution of this action. We will not discuss the fact that the plaintiff, beneficiary, has accepted the premiums and perhaps is estopped to bring this action, but will decide the main question as to the binding effect of the contract. We can see no reason why the contract, although one of insurance, is not binding like any other contract, when a reasonable time limit is fixed as in the present contract.

In *Spruill v. Northwestern Mutual Life Ins. Co.,* 120 N. C., 141, it is held: Where a life policy provides that if, within two years from the date thereof, "the said assured shall, whether sane or insane, die by his own hand, then this policy shall be null and void," the insurer is protected from all liability if, within the two years, suicide shall be committed by the assured, whether sane or insane.

We think the case of *Holbrook v. Insurance Co.,* 196 N. C., 333, distinguishable. The statute, C. S., 6460, is not applicable to the facts in this case.

In the present case, the contract of insurance in specific language excludes *apoplexy* as a risk until one year after the policy contract is in force. The judgment of the court below is

Affirmed.