A. L. REINHARDT v. LIFE AND CASUALTY INSURANCE COMPANY
OF TENNESSEE.

(Filed 16 December, 1931.)

1. **Insurance J a—Provision that insurer should not be liable if insured should die within two years from chronic kidney trouble is valid.**

Where a policy of life insurance provides that for a period of two years from its issuance the company should be liable only for the return of the premium if the insured should have been attended by a physician for any serious disease or should have had any chronic disease of the kidneys before the date of its issuance, and the uncontradicted evidence discloses that the insured was being treated for chronic Bright's disease at the time of the issuance of the policy and that in her application therefor she represented that she had no disease of the kidneys and had not been treated by a physician within two years, the provision of the policy is valid and binding and an instruction that the jury should answer the issue against the insured is correct.

2. **Trial D b—Directed verdict may be given in favor of party having burden of proof where evidence is not conflicting and is in his favor.**

While ordinarily a verdict directed in favor of a party having the burden of proof may not be correctly given by the trial court, the rule will not apply when all the evidence and admissions and reasonable inferences therefrom are in his favor.

3. **Costs A d—Where defendant tenders amount recoverable, costs and interest are taxable only to time of tender.**

Where a defendant tenders to the plaintiff the correct amount the latter can recover in his action, the cost and interest are recoverable against the defendant only to the time he made the tender.

CIVIL ACTION, before *Clement, J.,* at May Term, 1931, of CATAWBA.

On 1 August, 1927, the defendant executed and delivered to Lillie R. Reinhardt a policy of life insurance in the sum of $180. The insured died on or about 2 January, 1928. Said policy of insurance contained the following clause: "Limitation of Insurance—Within two years from the date of issuance of this policy, the liability of the company under the same shall be limited under the following conditions, to the return of the premium paid thereon: (1) If any policy on the life of the insured has been issued by this company and is in force at the date hereof, unless this policy contains an endorsement signed by the president or secretary that this policy is in addition to such prior policy. The company shall not be presumed or held to know of the existence of any prior policy and issuance of this policy shall not be deemed a waiver of this condition; (2) If the insured before its date has been rejected for insurance by this or any other company, order or association, or has

been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis or cancer, or disease of the heart, liver or kidneys; or, (3) If the insured shall die by his own hands, whether sane or insane, or as a result of acts committed by him while in the commission of or as a punishment for some act in violation of law, or from the malicious or unlawful acts, or the culpable or intentional negligence of any one who is a beneficiary hereunder, whether named herein or not, or from engaging in aeronautic or submarine operations as operator, passenger, guest, or otherwise. But where the statute of the State in which this policy is written contains a different provision on this subject than the above, the language of such statute shall be substituted to the extent of this difference for this clause, but no further."

The uncontradicted evidence disclosed that the insured could read and write and signed a written application stating that she had never suffered with any disease of the kidneys, and that no physician had attended her within two years for any complaint. The uncontradicted testimony further showed that the insured had been treated for chronic Bright's disease from 1926 to 1928. Indeed, the husband of the insured testified that at the time the application was signed he knew that the insured was being treated for high blood pressure by a physician, and that he heard the agent who solicited the application ask the insured if she had been treated by a physician within two years, but did not recall her answer. A daughter of the insured also testified that she heard her father, husband of the deceased, say to the agent soliciting the application that the insured was suffering with high blood pressure and kidney trouble.

At the conclusion of plaintiff's evidence the trial judge instructed the jury to answer the issue "No."

From judgment rendered the defendant appealed.

*Clarence Clapp and Russell W. Whitener for plaintiff.*
*Walter C. Feimster for defendant.*

BROGDEN, J. The policy of insurance construed in *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566, contained a limitation to the effect that if the insured should die from Bright's disease before the policy had been in force for two years that the liability of the insurer was limited to the return of premiums paid on the policy. Such limitation was approved by the court upon authority of *Spruill v. Ins. Co.,* 120 N. C., 141, 27 S. E., 39. In addition the court ruled that the principle announced in *Holbrook v. Ins. Co.,* 196 N. C., 333, 145 S. E., 609, did not apply

to such reasonable limitations contained in the policy itself. The case at bar, therefore, falls directly within the principle of the *Gilmore case, supra.*

The plaintiff, however, insists that there was a directed verdict in favor of the defendant. It appears that the defendant, having admitted the allegations of the complaint, set up as a further defense that the policy was obtained by means of fraud. Thereupon the defendant, assuming the burden of proof, proceeded to offer evidence to sustain the defense. The record discloses that at the conclusion of plaintiff's evidence the court instructed the jury "to answer the issue no." The issue submitted was the usual issue of indebtedness.

It is a general principle of law that the trial judge cannot direct a verdict in favor of the party upon whom the burden of proof rests. *Bank v. McCullers,* 200 N. C., 591, 157 S. E., 869. This principle, however, has been applied to cases in which the trial judge directed a verdict upon the pleadings or in cases where the evidence was conflicting. The case at bar is governed by the principle announced by McIntosh North Carolina Practice & Procedure, p. 632, as follows: "If the facts are admitted or established, and only one inference can be drawn from them, the judge may draw the inference and so direct the jury," etc. The record discloses that there was no dispute with respect to the limitation set out in the policy, nor was there any dispute or conflict of evidence with respect to the fact that the insured was suffering with Bright's disease. Consequently, upon the facts presented, the instruction of the trial judge will not be held for reversible error.

It appears that the defendant had tendered to the plaintiff the amount of premiums, to wit, $4.02, and cost up to the time of tender. Obviously, the plaintiff is entitled to judgment for the amount of premium paid and cost up to the time of tender.

Modified and affirmed.