MRS. WARDY HEADEN v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 21 March, 1934.)

**Insurance I b—Policies issued without medical examination may not be declared forfeited for ill health of insured in absence of fraud.**

The provisions of N. C. Code, 6460, that where a policy of life insurance in a sum less than $5,000 is issued without a medical examination, insurer may not avoid same for insured's misrepresentations as to health except in cases of fraud, enter into and become a part of all such policies written

in this State after the enactment of the statute, and, except in cases of fraud, insurer may not declare a forfeiture under the provisions of the policy that insurer should not be liable if insured was not in sound health at the time of the delivery of the policy, or had not been in good health for two years prior thereto, etc., since the provisions of the policy in conflict with the statute are void.

APPEAL by defendant from *Oglesby, J.,* at March Term, 1933, of MECKLENBURG.

Civil action to recover on a policy of life insurance.

On 28 July, 1930, the defendant issued a policy of insurance on the life of Mrs. Salem Knuckley, plaintiff's intestate, in the sum of $320.00. The policy was issued without medical examination of the insured. The premiums were duly paid until the insured's death on 27 October, 1931.

The policy provides that "if the insured is not in sound health on the date hereof," or if "within two years before the date hereof," the insured has "been attended by a physician for any serious disease or complaint," or before said date, has had any "disease of the heart, liver or kidneys," not specifically recited in the space for endorsements, "then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

The evidence offered by the defendant tends to show that the insured was not in sound health on 28 July, 1930; that within two years prior thereto she had been attended by physicians for serious diseases, and that before said date, she had had diseases of the heart, liver and kidneys. Whereupon, the defendant tendered a return of the premiums paid on said policy, with interest, and moved for a dismissal of the action.

The court directed a verdict for the plaintiff, it appearing that defendant's agent at the time of soliciting the applicant, when invited to have a physician examine her, stated he was "going to take a chance on the old lady," and that no fraud is pleaded or suggested.

Defendant appeals, assigning errors.

*J. D. McCall for plaintiff.*
*Cansler & Cansler for defendant.*

STACY, C. J. Manifestly, if the insured were not in sound health at the time of the issuance of the policy, or if within two years prior thereto, she had been attended by a physician for any serious disease, or before said date, had had any disease of the heart, liver or kidneys, she is not entitled to recover according to the express terms of the con-

tract of insurance. *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566. But it is provided by N. C. Code, 6460, that when a policy of life insurance, not to exceed $5,000 in amount, has been issued without medical examination of the insured "the policy shall not be rendered void nor shall payment be resisted on account of any misrepresentation as to the physical condition of the applicant, except in cases of fraud." The provisions of this statute, being in force at the time of the execution of the policy, entered into and became a part of the convention of the parties as much so as if they had been expressly incorporated in its terms. *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14; *Trust Co. v. Hudson,* 200 N. C., 688, 158 S. E., 244; *House v. Parker,* 181 N. C., 40, 106 S. E., 136; *Mfg. Co. v. Holladay,* 178 N. C., 417, 100 S. E., 567. Therefore, the defendant may not now declare the policy in suit void, pursuant to the stipulation of the contract, as this is in direct conflict with the statute, and the chance which the agent said he was going to take, precludes the defense set up, except in cases of fraud. *Holbrook v. Ins. Co.,* 196 N. C., 333, 145 S. E., 609; *McNeal v. Ins. Co.,* 192 N. C., 450, 135 S. E., 300. Fraud is neither pleaded in the answer nor suggested in the evidence.

There was no error in directing a verdict for the plaintiff, hence the verdict and judgment will be upheld.

No error.