PETER EGGIMANN, RACHEL PAIR, JOHN T. MASSEY, JR., SHELTON V. BRIDGERS, AND JACKIE AMMONS, ON BEHALF OF THEMSELVES AND ALL OTHER RESIDENTS, PROPERTY OWNERS, AND TAXPAYERS OF THE VAIDEN WHITLEY CONSOLIDATED HIGH SCHOOL ATTENDANCE AREA OF EASTERN WAKE COUNTY, PLAINTIFFS v. WAKE COUNTY BOARD OF EDUCATION, A BODY CORPORATE, AND THE INDIVIDUAL MEMBERS THEREOF, MARY GENTRY, CHAIRMAN, ED HALES, CLYDE KEISLER, ROLAND DANIELSON, AND SAMUEL RANZINO

No. 7410SC322

(Filed 17 July 1974)

1. Injunctions § 4; Schools § 4— school board — violation of open meetings law — failure to grant permanent injunction

The trial court did not err in failing permanently to enjoin a school board from violating the N. C. Open Meetings Law, G.S. 143-318.1 et seq., where the case was heard on a motion for summary judgment, the evidence was conflicting as to whether a certain person had been excluded from one board meeting, an injunction would be ineffective since any secret meetings held by the board were accomplished facts, and any person excluded from a meeting required to be open was given a remedy by G.S. 143-318.6.

2. Schools § 9— site selection — private meetings by school board

School board's selection of a site for a comprehensive high school was not void by reason of private meetings held by the board at which the site selection was discussed where several open meetings with respect to site selection were held by the board and the final decision on the site was made by the board at an open meeting.

3. Schools § 9— site selection — private meetings — constitutional rights of residents

Secret meetings of a school board at which the selection of a school site was discussed did not violate the constitutional rights of

due process and equal protection of residents of the school attendance area.

4. Schools § 9— site selection — delegation of authority to agent — absence of issue of material fact

In this action to set aside a school board's selection of a school site, no genuine issue of material fact existed with respect to plaintiff's contention that the school board had unlawfully delegated its authority to pick the school site to an agent.

APPEAL by plaintiffs from *Bailey, Judge,* 28 January 1974 Session, Superior Court, FRANKLIN County. Heard in the Court of Appeals 29 May 1974.

This action was originally instituted on 30 November 1973, against the individual members of the Wake County Board of Education. Upon defendants' motion, the action was dismissed as to the original defendants but, upon plaintiffs' motion, plaintiffs were allowed to amend their complaint to make the Wake County Board of Education, a body corporate, a defendant. Amended complaint was filed on 4 January 1974, alleging: That, upon information and belief, the defendant School Board had unlawfully delegated its authority to pick a school site to an agent; that the defendant held a series of secret meetings, in violation of the law, to pick a school site; that the Board had prevented plaintiffs and others similarly situated from being heard at Board meetings and had denied plaintiffs access to the private meetings held in selecting the school site and more particularly from a private meeting held on 19 November 1973. In their prayer for relief plaintiffs asked that defendant's action in selecting the Yancey Farm as a site for the location of a high school be declared null and void, that defendant be perpetually enjoined from violating North Carolina's Open Meetings Law, and that defendant be enjoined from unlawfully delegating its authority to an agent. Neither a restraining order nor a temporary injunction was requested. Plaintiffs' complaint was unverified.

Defendant, in apt time, filed a verified answer and motion for summary judgment supported by affidavits from members of the Board, the staff employed by the Board, and others. Plaintiffs filed opposing affidavits from one of plaintiffs, Shelton V. Bridgers, and from a former member of the Board, James S. Buchanan.

The motion was heard upon the pleadings and affidavits. The court found that on 19 November 1973 and at times prior

thereto, the Board had held meetings of which neither the public nor the press was notified, and that the Board conceded that for the purpose of determining whether summary judgment should be granted, Shelton Bridgers was excluded from a meeting held on 19 November 1973, but that defendant's final and official action in selecting a school site on 19 November 1973 was at a public meeting; that the G. W. Yancey homeplace was, by resolution unanimously adopted at said public meeting, chosen as a site for the new school; that attempts were made to interrupt the meeting at which final action was taken; that tape recordings of the open meetings on 24 October 1973, 7 November 1973, and 19 November 1973, were subpoenaed by plaintiffs for the hearing, were produced by defendant, but were not offered in evidence nor was any request with respect thereto made by plaintiffs; that there is no allegation of abuse of discretion in the selection of the G. W. Yancey homeplace as the site for the school. On these undisputed material facts, the court concluded (1) that the final selection of a school site is not a matter requiring defendant to conduct "mass meetings or hearings", (2) "[t]hat neither the Wake County Board of Education nor any other governmental body is required by law to tolerate disruptions of its meetings by the public, either in mass or by individuals", (3) "[t]hat, conceding for the purposes of this hearing, the Wake County Board of Education acted improperly and improvidently in attempting to conduct business at a time and place not generally known by or available to the public, its action in selecting a school site in the Wendell-Zebulon area on November 19, 1973, was not void", and (4) "[t]hat while the Court would entertain an action seeking a permanent injunction to restrain the Board from holding such meetings in the future, this matter coming before the Court on a motion for summary judgment, and the Court finding that no disputed fact exists which entitles plaintiffs to the relief prayed for in the complaint, the action of the plaintiffs should be dismissed." Plaintiffs excepted to the signing and entry of the judgment and appealed.

*Kirk, Ewell, Goodman and Tantum, by Clarence M. Kirk, for plaintiff appellants.*

*Mordecai and Mills and Davis, Davis and Debnam, by F. Leary Davis, Jr., for defendant appellee.*

---

Eggimann v. Board of Education

---

MORRIS, Judge.

Upon their sole exception to the signing and entry of the summary judgment, plaintiffs base their four assignments of error.

[1]  Plaintiffs, by their first assignment of error, argue that the court erred in failing to grant the permanent injunction prayed for. We do not agree. We note that the judgment provides that defendant concedes, *for the purpose of determining whether summary judgment should be granted in this action,* that Shelton Bridgers was excluded from a meeting held on 19 November 1973. The evidence as to this point is conflicting. However, even had this been a hearing on a show cause order, after the granting of a motion for a preliminary injunction, and the court had found such a fact from the evidence, it would not have been binding on the court on final hearing. *Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455 (1949). Plaintiffs, however, had not asked for a preliminary injunction or mandatory restraining order and there had been no show cause hearing. This was a hearing on a motion for summary judgment. In addition, assuming that Bridgers had been excluded from the meeting of 19 November 1973 and assuming that the Board had held secret or private meetings in violation of the statute, these were accomplished facts and "cannot be prevented or redressed by the issuance of the injunction prayed for." *Nicholson v. Education Assistance Authority,* 275 N.C. 439, 452, 168 S.E. 2d 401 (1969); *Highway Commission v. Thornton,* 271 N.C. 227, 156 S.E. 2d 248 (1967); *Branch v. Board of Education, supra.* Furthermore, the general rule is that when the right to injunctive relief depends upon statutory provisions, the question of whether an injunction should be granted is to be determined by the statute in force at the time the relief, if any, is to be awarded. 42 Am. Jur. 2d, Injunctions, § 8, p. 735. Plaintiffs have classified their action as a class action. They seek injunctive relief under a statutory provision, arguing that Article 33B of Chapter 143, General Statutes of North Carolina, provides that it is the public policy of this State that all hearings and actions of any governing and governmental bodies be open. With this we agree. We point out, however, that G.S. 143-318.6, entitled "Mandamus and injunctive relief", specifically provides:

"*Any citizen denied access to a meeting required to be open by the provisions of this Article,* in addition to other

remedies, shall have a right to compel compliance with the provisions of this Article by application to a court of competent jurisdiction for restraining order, injunction or other appropriate relief." (Emphasis added.)

Plaintiffs' evidence was that if anyone had been excluded from any meeting it was Shelton V. Bridgers only. The evidence as to his exclusion was disputed but the point was conceded by defendant for purpose of summary judgment. We are of the opinion that the provisions of G.S. 143-318.6 were intended to apply only to a situation where a citizen has been refused access to a meeting required to be open. Shelton V. Bridgers had a remedy under the statute, if he could prevail upon the evidence. He chose not to use it. We do not discuss whether the statute has any application with respect to future or further violations. That question is not before us. This assignment of error is overruled.

[2]    By their second assignment of error, plaintiffs contend that the court erred in refusing to declare void the action of the Board in selecting a site.

"(Upon a motion for summary judgment), [b]oth the opposing and moving parties are entitled to any presumption that is applicable to the facts before the Court. Moore's Federal Practice, 2d Vol. 6, § 56.15(3), p. 2343."

The provisions of G.S. 115-31 clearly provide for a presumption of correctness as to any order or action of the Board in all actions brought in any court against a county or city board of education. The statute further places the burden of proof on the complaining party to show otherwise.

The court found that the facts set out in the judgment were undisputed. Our study of the record confirms this. Plaintiff does not argue otherwise except to say that the real decision to select the Yancey homeplace was made in secret session on 19 November 1973 and the later meeting was only a ratification. The fact remains that the record, by undisputed evidence, discloses that at an open meeting held on 24 October 1973, the Board voted unanimously to select a school site for the establishment of a comprehensive high school in the vicinity of Lizard Lick, as nearly equal distance as possible from the towns of Wendell and Zebulon; that at times prior to and on 19 November 1973 the Board had met at the office of the Superintendent of Wake County Schools at meetings of which neither the press nor the

public had had notice and at which no members of the public or press were present; that at such a meeting on 19 November 1973, and at prior similar meetings, the Board had considered matters on the agenda for meetings to be held in public immediately thereafter and that members of the staff of the Board had been available to answer questions in order to clarify matters coming before the Board at the subsequent open meeting, and that at the 19 November 1973 meeting the members did discuss the prospective action relating to the school site selection; that in an open meeting on 19 November 1973, at which Shelton V. Bridgers, other members of the public, and the media were present, the Board took final action concerning the selection of a school site by unanimously adopting a resolution selecting the G. W. Yancey homeplace as the site for the establishment of a comprehensive high school and directing the Chairman and Executive Officer of the Board to proceed to acquire the property from its owners. The undisputed evidence showed further as found by the court that attempts were made to interrupt the open meeting at which the site was selected; that tape recordings were made of both the 24 October and the 19 November meetings, subpoenaed by plaintiffs, produced by defendant at the summary judgment hearing, but plaintiffs did not offer them in evidence. The court stated in its findings that plaintiffs do not allege abuse of discretion on the part of the Board in selecting the Yancey homeplace as the site for the establishment of the school.

Based on the undisputed facts, which leaves no material fact in dispute, we are of the opinion that the court did not err in concluding that the action of the Board in selecting a school site on 19 November 1973 was not void. We do not reach and, therefore, do not discuss the question of whether the selection of a site for a school is acquisition of property for which purpose any of the bodies to which Article 33B applies may meet in executive session and exclude the public.

[3] Plaintiffs next contend that the court should have concluded that the fact that the Board had held secret meetings constituted a violation of plaintiffs' constitutional rights of due process and equal protection of the laws. Plaintiffs cite no authority for this novel contention, and we see no merit in it. The undisputed facts are that the public was heard with respect to the site selection on several occasions. Plaintiffs' argument that the court failed to find facts with respect to this is certainly not well founded. It is not, as we have repeatedly pointed out,

the province of the court to find the facts upon a motion for summary judgment. Its province is to determine whether there are genuine issues of material fact in dispute. Here the court merely entered an order summarizing the undisputed material facts upon which the judgment was based. The undisputed facts are determinative of the questions raised in this case.

[4]  By their last assignment of error plaintiffs contend that the court failed to find facts with respect to the Board's delegating its authority to an agent. What we said above with respect to fact finding upon a motion for summary judgment is equally applicable here. The complaint, which was not verified, alleged no facts with respect to this contention nor did plaintiffs' affidavits contain any facts. The only facts in the record were that the Board selected the site; that Mr. Davis was employed by the Board to assist its retained counsel solely because the Board's retained counsel was ill and his wife was critically ill but that Mr. Davis was never authorized by the Board and never did select a site. These undisputed facts together with the undisputed fact that the Board actually selected a site at the public meeting of 19 November 1973, make it abundantly clear that no genuine issue of material fact exists with respect to this contention.

For the reasons stated, the judgment of the trial tribunal is, in all respects, affirmed.

Affirmed.

Judges HEDRICK and BALEY concur.