HYDE INSURANCE AGENCY, INC. v. DIXIE LEASING CORPORATION

No. 7528SC150

(Filed 4 June 1975)

1. **Rules of Civil Procedure § 56— summary judgment — findings of fact**
    If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper.

2. **Rules of Civil Procedure § 56— summary judgment — findings of fact**
    Although findings of fact are not necessary on a motion for summary judgment, it is helpful to the parties and the courts for the trial judge to articulate a summary of the material facts which he considers are not at issue and which justify entry of judgment.

3. **Insurance § 5— discriminatory rates — agreement between insured and agency — estoppel of agency**
    If defendant insured agreed to delay cancellation of automobile liability, general liability and workmen's compensation insurance until plaintiff agency could resubmit a bid for such coverage upon plaintiff's agreement to waive the short rate premium that would otherwise have

Insurance Agency v. Leasing Corp.

been due by reason of cancellation by the insured, and if the insured did not thereby knowingly accept a reduction in premium prohibited by statute, plaintiff agency will not be allowed to plead the illegality of its agreement and benefit from its own wrongdoing to the detriment of defendant. G.S. 58-44.5.

ON writ of *certiorari* to review an order entered by *McLean, Judge.* Order entered 20 November 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 17 April 1975.

Plaintiff seeks to recover premiums for insurance coverage which it obtained from Travelers Insurance Company to provide coverage for defendant. Binders were issued by plaintiff to defendant on 7 September 1973, and the premiums were paid by plaintiff to Travelers Insurance Company on the September and October open account of plaintiff with Travelers Insurance Company. No policies were ever delivered by plaintiff to defendant, but copies of the declarations pages of each policy were delivered by plaintiff to defendant on 15 January 1974, some two and one-half months after their cancellation by defendant. Plaintiff has fully accounted to Travelers Insurance Company for premiums for coverage of defendant from 7 September 1973 to 1 October 1973 and now seeks to recover the amount of those premiums from defendant. Defendant does not deny existence of the insurance coverage secured by plaintiff, but it does deny liability for the amount of premiums alleged by plaintiff.

The trial judge heard the matter upon plaintiff's motion for summary judgment. After considering the pleadings, interrogatories, and request for admissions, the trial judge found facts as follows (We rearranged the chronological order of No. 5.) :

"1. That on or before the 7th day of September, 1973, the plaintiff and the defendant entered into a contract whereby the plaintiff agreed to obtain certain insurance coverage for the defendant for one year from that date and the defendant agreed to pay an annual premium therefor to plaintiff in the amount of $46,010.00.

"5. That pursuant to that agreement, the plaintiff did provide general liability insurance, workmen's compensation insurance and automobile liability insurance for the defendant as called for by the agreement between the plaintiff and the defendant from 7 September 1973 to 1 October 1973.

"2. That said insurance coverage consisted of Automobile Liability Insurance covering defendant's fleet of trucks, automobiles, physical damage insurance for said trucks, Workmen's Compensation, and General Liability Coverage.

"3. That the agreement between the plaintiff and the defendant required a short rate premium in the event the insured cancelled the coverage.

"4. That the short rate premium due by reason of the cancellation at the request of the insured for the insurance here involved for the period here involved is $7,851.00.

"6. That subsequent to the providing of said insurance coverage for the defendant by the plaintiff, the defendant alleges that the defendant through its agents notified the plaintiff that the defendant had received a lower bid for similar insurance coverage and that the defendant would have to cancel his coverage as provided by plaintiff.

"7. That the defendant further alleges that the plaintiff thereupon requested that the defendant delay cancellation until the plaintiff had a chance to resubmit a bid for said insurance coverage and in exchange for such delay, the defendant alleges that the plaintiff offered to waive the short rate premium which would otherwise have been due by reason of cancellation by the insured.

"8. That subsequent to the alleged modification of the contract, cancellation was effected on the 1st day of October upon request of the insured, the defendant herein."

Defendant tendered the sum of $2,718.63 as its total liability and confessed judgment in that amount.

Defendant alleged, and its answers to interrogatories tended to show, as follows:

"1. On or about September 7, 1973, the Plaintiff agreed to apply for insurance coverage on behalf of the Defendant based on a proposal which had been submitted to Defendant, said proposal calling for insurance coverage on Defendant's business with an annual premium of $46,010.00 to be paid for said coverage.

"2. That within 4 or 5 days following Plaintiff's agreement to apply for coverage on behalf of Defendant as re-

ferred to above, the Defendant notified Plaintiff that a competing agency had offered to provide identical coverage for an amount substantially less than the amount quoted by Plaintiff.

"3. That at the time Defendant notified Plaintiff as referred to in Paragraph 2 above, the Defendant likewise requested that Plaintiff cease in its efforts to place coverage with a company represented by Plaintiff and Defendant offered to pay Plaintiff for any costs of coverage which had accrued prior to the notification referred to.

"4. That Plaintiff, by and through its agents, requested that Defendant refrain from taking immediate action relative to Defendant's notification as referred to above in order that Plaintiff might have an opportunity to submit an additional proposal competitive with the proposal referred to at the time of Defendant's notification of Plaintiff.

"5. That as consideration for Plaintiff's request that Defendant delay acceptance of the second proposal, the Defendant offered to charge Defendant for coverage no more than the pro rata daily rate of coverage during the period of delay.

"6. That on or about October 1, 1973, the Plaintiff notified the Defendant that it was unable to obtain coverage for Defendant which was competitive with the second proposal referred to above, whereupon Defendant tendered payment for coverage for the period from September 7, 1973, to October 1, 1973.

"7. That as a result of the matters and things herein alleged, the Defendant is indebted to Plaintiff for not more than the sum of $2,718.63 and Defendant hereby tenders said sum and confesses judgment in that amount."

From the foregoing the trial judge concluded that the agreement alleged by defendant constituted an agreement for discrimination in rates which is proscribed by statutes; i.e., General Statutes 58-44.3, 58-54.4(8)c., 58-131.18, 58-248.2, and 97-104.2, and therefore void and unenforceable as being contrary to public policy. He concluded that defendant had raised no genuine issue as to a material fact and that plaintiff was entitled to judgment for the sum of $7,851.00 as a matter of law.

Defendant appealed.

*VanWinkle, Buck Wall, Starnes, Hyde & Davis, by Albert L. Sneed, Jr., for the plaintiff.*

*McGuire, Wood, Erwin & Crow, by James P. Erwin, Jr., and Charles R. Worley, for the defendant.*

BROCK, Chief Judge.

[1, 2]   After the hearing on plaintiff's motion for summary judgment under Rule 56, the trial judge proceeded to make what he termed "Findings of Fact." Summary judgment should be entered only where there is no genuine issue as to any material fact. If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact. Although findings of fact are not necessary on a motion for summary judgment, it is helpful to the parties and the courts for the trial judge to articulate a summary of the material facts which he considers are not at issue and which justify entry of judgment. The "Findings of Fact" entered by the trial judge, insofar as they may resolve issues as to a material fact, have no effect on this appeal and are irrelevant to our decision. *See Lee v. King,* 23 N.C. App. 640, 643, 209 S.E. 2d 831 (1974) ; *Eggimann v. Board of Education,* 22 N.C. App. 459, 464, 206 S.E. 2d 754 (1974) ; 6 Moore's Federal Practice ¶56.02[11] (2d ed. 1974).

It should be noted at the outset that this is not a controversy between an insurer and an insured. The insurer, Travelers Insurance Company, is not a party to this action. The controversy here is between what appears to be a corporate insurance agent or broker and an insured.

Plaintiff contends it is entitled to recover the short rate premium because defendant cancelled the policy. Defendant contends it is obligated to pay only the pro rata daily rate of the annual premium in accordance with plaintiff's agreement. Plaintiff contends that, if it should be determined that plaintiff made such an agreement, an agreement to accept less than the short rate premium is unenforceable because it is forbidden by statute. The trial judge ruled with the plaintiff. We reverse.

The prohibition against discrimination in rates, as provided by G.S. 58-44.3, 58-44.5, 58-54.4(8)c., 58-131.18, 58-248.2, and

97-104.2, is directed to insurers, agents, brokers, and other representatives of insurers. Only one of the above sections of the statutes, G.S. 58-44.5, mentions the insured. It provides that an insured shall not *knowingly* receive or accept a prohibited reduction of premium. There is nothing in the record presently before us which suggests that defendant knew the premium rate promised by plaintiff was a prohibited rate. The sanctions provided by statutes for violations of the antirebate provisions are directed to the insurers, agents, brokers, or other representatives. The statutes do not declare that contracts in violation of the antirebate provisions are void. *See Headen v. Insurance Co.,* 206 N.C. 270, 173 S.E. 349 (1934); *McNeal v. Insurance Co.,* 192 N.C. 450, 135 S.E. 300 (1926); *Gwaltney v. Assurance Society,* 132 N.C. 925, 44 S.E. 659 (1903).

"The fact that an antirebate statute has been violated does not vitiate the contract of insurance, nor entitle the insurer to obtain a reformation of the contract. In the absence of a legislative expression of intent to the contrary, an insurer cannot—at least, as against an innocent insured who is not in pari delicto—accept and retain benefits, and then plead as a defense its own violation of a statute prohibiting the granting of discriminations as to rates, as by setting up that such contract is void for discrimination. For the courts are not disposed to go beyond the expressed intention of the legislature and declare a forfeiture of policies when the legislature has not done so. In other words, the insurer cannot say that the contract of insurance is void because of a violation of an antirebate statute for the purpose of defeating the insured, and thus take advantage of its own wrong." 5 Couch on Insurance 2d § 30:64 (2d ed. 1960) (Footnotes omitted.).

In the case presently before us, the defendant has fully performed its part of the alleged contract by allowing plaintiff to continue coverage as requested by plaintiff and has offered to pay at the rate agreed to by plaintiff. The benefit to plaintiff was an opportunity to compete with the coverage offered to defendant by Allstate Insurance Company. Plaintiff's ultimate inability to offer competitive coverage does not alter the fact that defendant forewent the opportunity to cancel plaintiff's coverage at the time it first notified plaintiff to cancel its coverage.

The Supreme Court of North Carolina, in *Robinson v. Life Co.*, 163 N.C. 415, 79 S.E. 681 (1913), quoted, with approval from Vance's Treatise on Insurance, as follows:

" 'When, however, the statutes imposing conditions upon doing business by the foreign insurer merely prohibit the making of the contract without compliance with their terms, the question as to the rights of the parties becomes of much greater difficulty. In accordance with the general rule that a contract that is prohibited is illegal, and therefore void, it would follow that neither one of the parties would take any rights under the contract, or could enforce the agreement against the other. Yet to apply this general doctrine to a contract made under such circumstances as usually attend the making of a contract of insurance would work great hardship and be manifestly unjust. The party insured cannot, without great difficulty, discover whether the insurer has complied with all the statutory requirements or not; and while it is true that the statutes imposing these conditions upon the insurer are public acts, and therefore presumed to be known to all, yet it would be unreasonable to require that every person to whom a corporate insurer offers a contract of insurance should make an exhaustive investigation in order to discover whether his cocontractor has been fully qualified to make the agreement that is proposed, which is a question of fact. It would seem that the insured has a right to presume that the insurer has complied with all the requirements of law. Accordingly, it is held by the great weight of authority that when the insured attempts to enforce such a contract, made in good faith, against the unlicensed insurer, the latter will be estopped to escape liability under the contract by pleading his own infraction of law. The same principle of estoppel, however, does not apply when the insurer is endeavoring to enforce some right under the contract against the insured. The plaintiff, not having legally qualified himself to make the contract under which he sues, has no standing in law or equity when he attempts to enforce it.' " 163 N.C. at 421-422.

The Court went on to say:

"The citation from Vance marks the difference in the relations of the parties to the contract under these circumstances, and demonstrates that they are not in equal fault.

"It is there said 'that the insured has the right to assume that the insurer has complied with all the requirements of the law,' and that 'the latter will be estopped to escape liability under the contract by pleading his own infraction of law,' and that the insured may maintain an action upon the contract when the insurer cannot." 163 N.C. at 422.

[3] We think the foregoing rationale is sound and that it is applicable to the case *sub judice*. If the defendant can establish the contract as alleged by it, and if there is no showing that defendant knowingly accepted a prohibited premium rate, the plaintiff should not be allowed to plead the illegality of its contract and benefit from its own wrongdoing to the detriment of the defendant.

We are unable to reconcile the calculations by defendant of the amount due, under the agreement it alleges, with the pleadings and interrogatories. However, we leave that calculation to the finders of the facts in the event defendant is successful in establishing the agreement it alleges.

We hold that plaintiff has failed to show that there is no genuine issue as to a material fact and that the granting of plaintiff's motion for summary judgment was error.

Reversed and remanded.

Judges MORRIS and HEDRICK concur.