Surratt v. Brown, 2016 NCBC 27.

STATE OF NORTH CAROLINA

COUNTY OF FORSYTH

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1551

JOSEPH LEE SURRATT,

        Plaintiff,

    v.

MITCHELL KENDALL BROWN;
MITCHELL KENDALL BROWN
d/b/a DÉJÀ VU TATTOO AND
PIERCING; MITCHELL KENDALL
BROWN d/b/a SIGNATURED
SOULZ; and TATTOO THERAPY,
LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER AND OPINION

{1}     THIS MATTER is before the Court on Defendant Mitchell Kendall Brown's Motion for Summary Judgment ("Motion"), brought under Rule 56 of the North Carolina Rules of Civil Procedure. For the reasons discussed below, the Motion is DENIED.

*Wilson & Helms LLP by G. Gray Wilson and Stuart H. Russell for Plaintiff.*

*Norman L. Sloan for Defendants.*

Gale, Chief Judge.

## I.   BACKGROUND

{2}     The Court does not make findings of fact on a motion for summary judgment. *See Hyde Ins. Agency, Inc. v. Dixie Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164–65 (1975). The Court may "articulate a summary of the material facts which [it] considers . . . not at issue and which justify entry of judgment." *Id.* at 142, 215 S.E.2d at 165.

{3}     This lawsuit arises from a dispute between Plaintiff Joseph Lee Surratt ("Surratt") and Defendant Mitchell Kendall Brown ("Brown") regarding Surratt's ownership interest in Déjà Vu Tattoo and Piercing ("Déjà Vu").

{4}     Surratt claims that he and Brown entered into two oral agreements in which Brown was to open and operate Déjà Vu and additional tattoo-and-piercing retail locations.

{5}     Surratt first filed a lawsuit on April 1, 2013.  He voluntarily dismissed the first action on February 20, 2015.

{6}     Surratt filed his Complaint in this lawsuit on March 9, 2015, alleging multiple claims against Brown and several of Brown's business entities.

{7}     On July 25, 2015, the Court granted Defendants' motion to dismiss some but not all of Surratt's claims.  *Surratt v. Brown*, No. 15 CVS 1551, 2015 NCBC LEXIS 75, at *21 (N.C. Super. Ct. July 27, 2015).  For purposes of the present Motion, the pending claims against Brown include (1) breach of contract, (2) breach of fiduciary duty, (3) constructive fraud, (4) unjust enrichment, (5) dissolution and accounting, (6) declaratory judgment, (7) misrepresentation, and (8) conversion.  The contract-related claims are largely based on Brown's alleged refusal to distribute profits to Surratt or to permit Surratt to carry out his role as member–manager of Déjà Vu.

{8}     Brown filed his Motion on December 8, 2015, in which he seeks summary judgment on the breach-of-contract claim only.  Brown claims that a grant of summary judgment in his favor on the contract claim would necessarily cause all other claims to fail, since those claims are based on the alleged contractual breaches.

{9}     The Court heard oral argument on the Motion on February 26, 2016. The Motion is now ripe for resolution.

## II.   STANDARD OF REVIEW

{10}     Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). "Summary judgment is improper if any material fact is subject to dispute." *Culler v. Hamlett*, 148 N.C. App. 389, 391, 559 S.E.2d 192, 194 (2002). The movant bears the burden of proving the lack of a triable issue. *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). Once the movant has met that burden, the burden shifts to the nonmoving party to produce a forecast of evidence that demonstrates facts showing that it can establish a prima facie case at trial. *Austin Maint. & Constr., Inc. v. Crowder Constr. Co.*, 224 N.C. App. 401, 407, 742 S.E.2d 535, 540 (2012). The Court must view all of the presented evidence in the light most favorable to the nonmoving party. *Dalton*, 353 N.C. at 651, 548 S.E.2d at 707.

## III.   ANALYSIS

{11}   The basis of Brown's Motion is that Surratt has failed to show any evidence upon which a trier of fact could conclude that an oral agreement was formed between Surratt and Brown. The Court disagrees and concludes that there are contested material facts that a jury must decide.

### A. Summary of the Disputed Facts

{12}   Surratt claims that the first agreement was formed in May 2010 when he and Brown orally agreed to open and operate Déjà Vu at Hanes Mall in Winston-Salem, North Carolina. Surratt claims that, under the first agreement, he was to receive a 70% ownership interest in Déjà Vu for opening and operating the business, and Surratt was to receive a 30% interest for financing the business. (Pl.'s Resp. Def. Brown's Mot. Summ. J. ("Resp. Br.") Ex. 6 ("Surratt Aff."), ¶ 2; Resp. Br. Ex. 13 ("Surratt Dep."), at 19, 35.)

{13}   Surratt claims that the second agreement was formed in April 2011 when he and Brown agreed to expand their venture by opening additional retail locations in which Surratt and Brown would each own equal shares. (Surratt Aff. ¶ 2; Surratt Dep. 63, 65.)

{14}     Brown denies the existence of either oral agreement and asserts that Surratt was merely a project manager for the Hanes Mall location, not an owner. (Def. Brown's Reply to Pl.'s Resp. Def.'s Mot. Summ. J. Ex. 1 ("Brown Aff."), ¶ 5.)

{15}     Surratt claims that he took a leave of absence from overseeing the business in July 2011.  (Resp. Br. 2.)  When he returned from his leave of absence, Surratt says that Brown locked him out of the company by changing bank accounts, transferring money from existing bank accounts, changing passwords to business accounts, and informing employees that Surratt was no longer part of the business. (Surratt Aff. ¶ 6.)

{16}     Brown admits that Surratt put in for a two-week period of leave in July 2011 but claims that Surratt was actually absent for approximately one year. (Brown Aff. ¶ 10.)

## B. There Is Sufficient Evidence of Oral Agreements Between Surratt and Brown to Survive Summary Judgment.

{17}     Under North Carolina law, an express agreement is not required to prove the existence of a partnership; rather, the intent of the parties can be inferred by the parties' conduct and by an examination of all the circumstances.  *See Potter v. Homestead Pres. Ass'n*, 412 S.E.2d 1, 5, 330 N.C. 569, 576 (1992).  Indeed, "[i]t is not essential that the parties know that their contract, in law, creates a partnership."  *In re Vannoy*, 176 B.R. 758, 765 (M.D.N.C. 1994) (quoting 59 Am. Jur. 2d *Partnership* § 152).  It is "[t]he legal effect of the parties' agreement, not their subjective intent, [that] determines whether there is a partnership."  *Id.* (quoting 59 Am. Jur. 2d *Partnership* § 152).

{18}     In a case with facts analogous to this lawsuit, the North Carolina Court of Appeals held that an agreement between two parties regarding the type of business, share in profits, and financing, when coupled with corroborating evidence to show that each party has undertaken measures to perform, constitutes sufficient evidence for a jury to find that a valid partnership agreement existed.  *See Grub,*

*Inc. v. Sammy's Seafood House & Oyster Bar, LLC*, No. COA14-861, 2015 N.C. App. LEXIS 330, at *16–18 (Apr. 21, 2015).

{19}     Surratt offers several documents as evidence of the oral agreement regarding his ownership interest in the Hanes Mall location, including a Certificate of Partnership or Business Under Assumed Name that lists Surratt and Brown as co-owners of Déjà Vu. (Resp. Br. Ex. 2.) The Certificate of Partnership was signed by Surratt and Brown, notarized, and filed in the Forsyth County Register of Deeds Office. (Resp. Br. Ex. 2.)[1]

{20}     Surratt further asserts that his oral agreement with Brown can be inferred from the parties' conduct. Particularly, Surratt testifies that, under the agreement, he undertook all aspects of the start-up and creation of Déjà Vu, including locating the retail space at Hanes Mall, designing the Déjà Vu logo and storefront, hiring employees, opening a business account, obtaining insurance, filing the Certificate of Partnership, obtaining an employer identification number for tax purposes, and partaking in other activities that evidenced an ownership interest in the business. (Surratt Aff. ¶ 3.) As stated above, Brown does not dispute that Surratt performed these activities; rather, he says that Surratt carried out these activities in his capacity as project manager, not as an owner. (Brown Aff. ¶ 5.)

{21}     The Court concludes that Surratt has forecast evidence that, although contested, is a requisite to proceed to trial.

{22}     Surratt does not set forth separate proof of a second oral agreement between the parties. Instead, he asserts that the first agreement merged with the second when Surratt and Brown orally agreed to expand their business ventures.

{23}     At the hearing on this Motion, the Court expressed its reluctance that the breach-of-contract claim could survive a directed verdict as to a second oral agreement because, even if there was a second oral agreement, it would have been terminable at will under North Carolina law. Nevertheless, the Court recognizes

---

[1] Brown testifies that the signature on the Certificate of Partnership is a forgery of his signature. (Brown Aff. ¶ 9.) Surratt testifies that he witnessed Brown sign the Certificate of Partnership. (Surratt Aff. ¶ 4.) In the absence of fraud on the part of the notary, a notarized document is presumptively valid. *See* N.C. Gen. Stat. § 10B-99(a) (2015).

factual disputes as to the existence of the second agreement that preclude it from granting summary judgment as to any portion of the breach-of-contract claim.

{24} In sum, to prevail on his Motion, Brown needed to show that there is no genuine issue in dispute regarding an essential element of Surratt's breach-of-contract claim, and that Surratt cannot prove the existence of that element. Viewing the evidence in the light most favorable to the nonmoving party, the Court is unable to conclude that Brown has shown that the undisputed facts of record entitle him to summary judgment on Surratt's breach-of-contract claim as a matter of law.

{25} Accordingly, Brown's Motion is DENIED.

IT IS SO ORDERED, this the 1st day of April, 2016.


/s/ James L. Gale
_____
James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases