H. P. BROWN v. THE BOARD OF COMMISSIONERS OF RICHMOND COUNTY, G. C. CADELL. CHAIRMAN; JAMES HAMER, JOHN C. MATHESON, PAUL A. BROWN AND ARTHUR CAPELL, MEMBERS.

(Filed 15 December, 1943.)

**1. Constitutional Law § 4d: Courts § 5—**

The General Assembly, in the exercise of its permissible authority, may abolish a local court.

**2. Constitutional Law § 4d: Public Officers §§ 3, 5, 6—**

Upon the ratification of a valid act of the General Assembly, abolishing an elective office, both the duties and emoluments of the office terminate.

**3. Constitutional Law § 4d: Municipal Corporations § 5—**

There is a specific constitutional prohibition against gifts of public money, and the Legislature has no power to compel or even to authorize a municipal corporation to pay a gratuity to an individual to adjust a claim which the municipality is under no legal obligation to pay. N. C. Const., Art. I, sec. 7.

**4. Municipal Corporations § 5—**

The Legislature may impose upon a municipality the payment of claims just in themselves; but the legislative determination that such obligation exists is not conclusive. The municipality may resort to the courts and there prove that no legal or equitable obligation exists against it.

**5. Municipal Corporations §§ 5, 8—**

A municipal corporation cannot, even with express legislative sanction, embark on any private enterprise or assume any function which is not in a legal sense public, unless by a vote of the majority of the qualified voters therein. N. C. Const., Art. VII, sec. 7. .

**6. Municipal Corporations § 11d: Public Officers § 5—**

Where the members of the governing body of a municipal corporation expend the funds of the municipality for a private purpose, without warrant in law, they become personally liable.

APPEAL by plaintiff from *Olive, Special Judge,* at February Term, 1943, of RICHMOND. Affirmed.

Petition for writ of *mandamus.*

This case was here at the Fall Term, 1942. *Brown v. Comrs. of Richmond,* 222 N. C., 402. The essential facts there appear.

On the hearing below the court found certain facts, concluded that chapter 11, Private Laws 1941, is unconstitutional, and rendered judgment denying a writ of *mandamus* and dismissing the action. Plaintiff excepted and appealed.

*W. S. Thomas, Thomas L. Parsons, and George S. Steele, Jr., for plaintiff, appellant.*

*McLeod & Webb and William G. Pittman for defendants, appellees.*

BARNHILL, J. The local court, of which plaintiff was elected presiding judge, was abolished by the General Assembly in 1939. This was a permissible exercise of legislative authority. *Mial v. Ellington,* 134 N. C., 131, 46 S. E., 961; *S. v. Jennette,* 190 N. C., 96, 129 S. E., 184; *Queen v. Comrs. of Haywood,* 193 N. C., 821, 138 S. E., 310; 12 Am. Jur., 53, sec. 420.

Upon the ratification of that Act the office to which plaintiff had been elected became nonexistent. Both the duties and the emoluments of the office terminated. Plaintiff could render no further service and could claim no further compensation as a legal right. *Mial v. Ellington, supra.*

Hence, he has not been deprived of any property without due process of law and has no legal claim for salary accruing after the date the court ceased to exist.

Even so, does the Legislature have authority to require a subordinate branch of the government to pay an individual a sum which it considers morally due? The answer is found in the Constitution.

"No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public service." Art. I, sec. 7, N. C. Const.

This constitutes a specific constitutional prohibition against gifts of public money, and the Legislature has no power to compel or even to authorize a municipal corporation to pay a gratuity to an individual to adjust a claim which the municipality is under no legal obligation to pay. 38 Am. Jur., 85 (n. 9 for authorities); Elliott Municipal Corp. (3d), 305, sec. 311; 1 McQuillin Municipal Corp., Revised, 720, 722; *State v. Tappan,* 29 Wisc., 664, 9 Am. Reports, 622; *People v. Bank,* 231 N. Y., 465, 132 N. E., 231. See also *Asbury v. Albemarle,* 162 N. C., 247, 78 S. E., 146. Nor may it lawfully authorize a municipal corporation to pay gifts or gratuities out of public funds. 38 Am. Jur., 91, sec. 399.

It is competent for the Legislature to impose upon a municipality the payment of claims just in themselves for which an equivalent has been received. But this power may not be extended to include the payment of gifts or gratuities out of public funds. 38 Am. Jur., p. 90.

The legislative determination that an obligation exists against a municipality is not conclusive. The municipality may resort to the courts and there prove that no legal or equitable obligation exists against it; for the municipality cannot lawfully make an appropriation of public moneys except to meet a legal and enforceable claim, and can make no payment upon a claim which exists merely by reason of some moral or equitable obligation which a generous, or even a just, individual, dealing with his own moneys, might recognize as worthy of some reward. 38 Am. Jur., 91, sec. 399 (n. 19). See also *Hill v. Stansbury, ante,* 193.

"No county . . . shall contract any debt, nor shall any tax be levied or collected . . . except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein." Art. VII, sec. 7, N. C. Const.

A municipal corporation cannot, even with express legislative sanction, embark on any private enterprise or assume any function which is not in a legal sense public. 38 Am. Jur., 85, sec. 395 (see n. 9 for authorities). The funds of the municipality are necessarily, directly or indirectly, raised by taxation. Consequently, the expenditure of money by a municipality for private purposes does or may necessarily result in the taking of the property of individuals under the guise of taxation for other than public uses. In such a case it can make no difference that no immediate provision for taxes is made. The use of public funds for private purpose increases the burden of taxation as certainly as if a tax for a private purpose was directly levied. 38 Am. Jur., 86 (see n. 10).

It follows that the Legislature can neither compel nor authorize a municipal corporation to expend any of its funds for a private purpose without a majority vote of the electors of the municipality first obtained.

The inhibition against contracting debts contained in this section of the Constitution is as binding upon the Legislature as upon the municipality, and it cannot do indirectly what the Constitution prohibits. A debt the municipality may not contract cannot be created by legislative act. *R. R. v. Commissioners,* 72 N. C., 486.

The defendant county is under no legal, equitable, or moral obligation to pay the amount demanded. The office held by plaintiff was abolished by the Legislature, and not by the county. Any wrong or injustice he has suffered has been at the hands of the law-making body. If, as he contends, it failed to investigate fully and acted on false and misleading information the resulting loss to plaintiff is not chargeable to the defendants. Any attempt by them to pay the salary which would have accrued had the court not been abolished would constitute a gift or gratuity. In no sense is it a necessary expense.

But, argues the plaintiff, the county is a creature of the Legislature and as such cannot challenge the constitutionality of an act of its creator. This we do not concede. But, even so, the individual defendants are the custodians of county funds. Upon them devolves the duty to raise by taxation the public revenue of the county and to direct its expenditure. It is they the plaintiff would have the court compel to act. If they expend such funds for private purposes without warrant in law they become personally liable. *Hill v. Stansbury, supra.* Surely then the defense is available to them, if not to the county.

The plaintiff has failed to show a clear legal right to the remedy he seeks. Therefore, the judgment below must be

Affirmed.