HARRY M. LEETE, ALBERT SEARS BUGG, THOMAS HOLT, CLAUDE F. BURROWS, II, CECIL CRAIG ALLEN, CHARLES A. BENNETT, WILLIAM S. BUGG, JAMES E. CRENSHAW, JR., AND THE OTHER TAXPAYERS OF WARREN COUNTY, PLAINTIFFS v. THE COUNTY OF WARREN, A BODY POLITIC AND CORPORATE; LUCIOUS HAWKINS, CHAIRMAN OF THE BOARD OF COMMISSIONERS OF WARREN COUNTY; O. L. MEEK, WILLIAM T. SKINNER, III, JAMES BYRD, AND GEORGE E. SHEARIN, MEMBERS OF THE BOARD OF COMMISSIONERS OF WARREN COUNTY; AND SUSAN W. BROWN, FINANCE OFFICER OF WARREN COUNTY, DEFENDANTS

No. 939SC529

(Filed 17 May 1994)

**Constitutional Law § 131 (NCI4th) — county manager — severance pay — not an exclusive emolument**

An amount equal to six weeks pay granted by the county commissioners to a county manager who resigned was not a prohibited exclusive emolument under the North Carolina Constitution, Article I, section 32, where the minutes of the board referred to the payment as "severance pay," but it is clear from the brief discussion preceding the motion that the motivation for the payment was consideration of past service as county manager. North Carolina case law demonstrates that it is permissible to compensate public service previously rendered without violating the constitutional ban on private emoluments, even though the recipient may have no legal and enforceable right to the benefit.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 128, 258.**

Appeal by defendants from order entered 25 March 1993 by Judge B. Craig Ellis in Granville County Superior Court. Heard in the Court of Appeals 8 February 1994.

Plaintiffs instituted this action to enjoin the Warren County Board of Commissioners from making certain payments to Charles J. Worth, the county manager, upon his voluntary resignation. The record shows that on 1 February 1993, at the regular meeting of the Warren County Board of Commissioners, Mr. Worth announced to the Board during executive session that he was resigning from his position effective 1 March 1993 to accept employment in the office of the newly elected representative from the first Congressional District. The Board voted to pay Mr. Worth an amount equal to six weeks salary as "severance pay."

Plaintiffs, contending that the payment was an unlawful gratuity, thereafter sought and obtained a temporary restraining order preventing the Board from making the payment to Mr. Worth. When the case came on for hearing upon plaintiffs' motion for a preliminary injunction, the hearing was transformed into a hearing on the merits by agreement of the parties. The trial court entered an order enjoining the Warren County Board of Commissioners from making the payment to Mr. Worth. Defendants appealed.

*Banzet, Banzet & Thompson, by Julius Banzet, III, and Lewis A. Thompson, III, for plaintiff-appellees.*

*Charles T. Johnson, Jr., and Michael B. Brough & Associates, by Michael B. Brough, for defendant-appellants.*

MARTIN, Judge.

The sole issue presented by this appeal is whether defendants' proposed payment of "severance pay" to Mr. Worth violates Article I, Section 32 of the North Carolina Constitution. For the reasons set forth herein, we hold that it does not. Accordingly, we reverse the order of the trial court.

Article I, Section 32 provide as follows:

Exclusive emoluments.

No person or set of persons is entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services.

LEETE v. COUNTY OF WARREN

[114 N.C. App. 755 (1994)]

By its definition, this Constitutional provision does not proscribe all exclusive emoluments absolutely, but prohibits them except in consideration of public service. *5 N.C. Index 4th, Sec. 130.* Defendants argue that the proposed payment to Mr. Worth is, in the words of the Constitution, a payment made "in consideration of public services." Plaintiffs contend that the payment constitutes a prohibited exclusive emolument, since it is no more than a gratuity which the Warren County Board of Commissioners is under no obligation to pay.

The legislature has vested county boards of commissioners with broad discretion to direct fiscal policy of the county, G.S. § 153A-101, and with specific authority to fix compensation for all county officers, G.S. § 153A-92. Courts may not interfere with the exercise of discretionary powers of local boards for the public welfare unless the action taken is so unreasonable that it amounts to an oppressive and manifest abuse of discretion. *Jones v. Hospital,* 1 N.C. App. 33, 34-5, 159 S.E.2d 252, 253 (1968).

> Courts have no right to pass on the wisdom with which [county officials] act. Courts cannot substitute their judgment for that of the county officials honestly and fairly exercised. For a court to enjoin the proposed expenditure, there must be allegation and proof that the county officials acted in wanton disregard of public good.

*Barbour v. Carteret County,* 255 N.C. 177, 181, 120 S.E.2d 448, 451 (1961) (citations omitted). Absent contrary evidence, it is presumed "[t]hat public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law." *Painter v. Board of Education,* 288 N.C. 165, 178, 217 S.E.2d 650, 658 (1975) (citations omitted). Furthermore, the burden is on the party challenging the validity of public officials' actions to overcome this presumption by competent and substantial evidence. *Id.*

In its order enjoining the payment to Mr. Worth, the trial court concluded:

> 1. The proposed payment of $5,073.12 to Charles J. Worth in addition to his regular compensation would constitute a separate emolument not in consideration of public service and in violation of Article I, Section 32 of the Constitution of North Carolina.

2. In keeping with the ruling of *Brown v. Board of Commissioners of Richmond County*, 223 NC 744 (1943), the County Commissioners of Warren County cannot lawfully make an appropriation of public moneys except to meet a legal and enforceable claim, and the requested payment of $5,073.12 to Charles J. Worth does not constitute a legal or enforceable claim.

In *Brown v. Comrs. of Richmond County*, 223 N.C. 744, 28 S.E.2d 104 (1943), relied upon by the trial court, the plaintiff was elected as presiding judge of the county recorder's court. The following year, the recorder's court was abolished by the General Assembly, and the plaintiff's office, along with its duties and emoluments, was terminated. Subsequently, the General Assembly passed an act requiring the Richmond County Board of Commissioners to pay the plaintiff the salary he would have been paid during his term of office had the office not been abolished. Thereafter, the plaintiff sought a writ of mandamus to compel the board of commissioners to pay him the salary as provided by the legislative act. The *Brown* court held that payment by the county of the salary which would have accrued had the recorder's court not been abolished would constitute a gift or gratuity, violative of Article I, Section 7 (now Article I, Section 32).

*Brown* is distinguishable from the facts before us. *Brown* held that payment to a public employee for services which had not been, and would never be, rendered constituted a private gift of public funds and, as such, violated Article I, Section 32 of the Constitution. The *Brown* court based its ruling on the principle that the General Assembly could not compel or authorize a municipality to pay a gratuity to an individual to adjust a claim which the municipality is under no obligation to pay.

In contrast, Mr. Worth had served the Warren County as county manager for nine years prior to his resignation. North Carolina case law demonstrates that it is permissible to compensate public service previously rendered without violating the constitutional ban on private emoluments, even though the recipient may have no legal and enforceable right to the benefit. Defendants correctly cite to *Hinton v. State Treasurer*, 193 N.C. 496, 137 S.E. 669 (1927) and *Brumley v. Baxter*, 225 N.C. 691, 36 S.E.2d 281 (1945) as support for this proposition. The issue in *Hinton* was whether the General Assembly could constitutionally enact legislation whereby veterans of the First World War could obtain loans on favorable terms

## LEETE v. COUNTY OF WARREN

[114 N.C. App. 755 (1994)]

for the purchase of homes. The legislation recited that its purposes were to recognize the veterans' military service, to encourage patriotism, to promote the ownership of homes, and to provide a means by which the veterans could acquire homes on favorable terms. In addressing the validity of this enactment under Article I, Section 7 (now Article I, Section 32) the Court found that it did not constitute an exclusive emolument since the enactment was in recognition of the veterans' past service to this State. The Court stated that "[p]ast services may also be compensated, and pensions may also be granted to those who were wounded, disabled, or otherwise rendered invalids while in the public service, even in cases where no prior promise was made or antecedent inducement held out." (Emphasis supplied.) *Hinton*, at 508, 137 S.E. at 676. In *Hinton*, the veterans had no legal or enforceable claim for the enactment of legislation providing loans to veterans on favorable terms. However, because the Act was in consideration of the veterans' past public service, this was not an exclusive emolument.

In *Brumley v. Baxter*, the court upheld the validity of an act authorizing donation of land by the City of Charlotte for the building of a veterans' center. The veterans had no legal or enforceable claim for the donation of land for a veterans' center, but the donation of land was held not to be an impermissive emolument since it was in consideration of public service. *Brumley*, at 698, 36 S.E.2d at 286.

Hence, our Supreme Court has held, on more than one occasion, that the constitutional ban on exclusive emoluments is not violated by a governmental grant of certain benefits, paid out of public resources, to one class of citizens, but not to be enjoyed by all, if the grant is in consideration of public service. From these cases, we discern that the primary inquiry under Article I, Chapter 32 is not whether the recipient has a legal or enforceable claim against the governmental entity granting the benefit, but rather, whether the governmental entity took such action in consideration of the recipient's public service.

"The court is exercising a very delicate function when it is sitting in judgment upon the validity of an act of legislation. . . . We may assume a fact to exist which will sustain an act, but not one which may impeach its validity, and everything must clearly appear upon which the court can declare it to be void, for a pre-

NATIONWIDE MUT. FIRE INS. CO. v. BANKS

[114 N.C. App. 760 (1994)]

sumption exists in favor of its validity . . . ." *Faison v. Commissioners*, 171 N.C. 411, 415, 88 S.E. 761, 763 (1916). Applying these principles to the case before us, we are constrained to uphold the validity of the action of the board of commissioners in this case. Although the minutes of the meeting of the board of commissioners refer to the payment to Mr. Worth as "severance pay," it is clear from the brief discussion preceding the motion that the motivation for the payment was in consideration of Mr. Worth's past service as county manager. Plaintiffs may question the wisdom of the board's action, but they have not carried their burden of showing by substantial evidence that the board was not acting in good faith and in accordance with its constitutional and statutory authority. Thus, we hold that payment of $5,073.12 to Charles Worth by the Warren County Commissioners does not constitute a prohibited exclusive emolument under the North Carolina Constitution, Article I, Section 32, since such payment was in consideration of public service. The trial court's order enjoining Warren County's payment of said amount is reversed.

Reversed.

Chief Judge ARNOLD and Judge WYNN concur.