BOARD OF EDUCATION OF THE HICKORY ADMINISTRATIVE SCHOOL UNIT, Plaintiff v. CAM R. SEAGLE, widow; BENJAMIN F. SEAGLE, III and wife, ANN SEAGLE; THOMAS CALDWELL SEAGLE and wife, LINDA SEAGLE; CAMELLIA SEAGLE WEIR and husband, WILLIAM C. WEIR, Defendants

No. COA94-969

(Filed 7 November 1995)

**1. Appeal and Error § 118 (NCI4th)— condemnation case—all issues decided except just compensation—order immediately appealable**

The trial court's order in a condemnation case granting summary judgment on all issues except just compensation was immediately appealable.

**Am Jur 2d, Appellate Review § 169.**

**2. Schools § 90 (NCI4th)— requiring permit to begin construction—historical district—property as "suitable site"—no genuine issue of material fact**

Defendants' evidence concerning whether plaintiff board of education must secure a permit before beginning work on a school site and the considerations plaintiff must give to the historical district location did not raise material issues of fact as to the property's status as a "suitable site" under N.C.G.S. § 115C-517 or to the issue of plaintiff's discretion in selecting this property.

**Am Jur 2d, Schools § 79.**

Appeal by defendants from order entered 27 June 1994 by Judge James U. Downs in Catawba County Superior Court. Heard in the Court of Appeals 12 May 1995.

*Sigmon, Mackie & Hutton, P.A., by Jeffrey T. Mackie, for plaintiff appellee.*

*Patrick, Harper & Dixon, by Donald R. Fuller, Jr., and Kimberly A. Huffman, for defendant appellants.*

COZORT, Judge.

Plaintiff Board of Education initiated legal proceedings to condemn a portion of defendants' property for the purpose of expanding the facilities of Oakwood Public Elementary School. Defendants con-

tested the taking of the property, contending ultimately that the land was not a "suitable site" because plaintiff had failed to obtain a permit from the United States Army Corps of Engineers and had failed to properly consider the expansion's effect on the Oakwood Historic District. The trial court granted summary judgment for plaintiff Board on all issues except the matter of just compensation. Defendants appeal. We affirm.

Defendants own a tract of land adjacent to and on the east side of Oakwood Elementary School in Hickory. Defendants' property is located at least partially within the Oakwood Historic District, which was entered on the National Register of Historic Places in 1986. Plaintiff, the Board of Education of the Hickory Administrative School Unit, seeks to take the back half, slightly greater than one-half of an acre, of defendants' lot. Plaintiff also seeks to condemn portions of the adjoining Latta property, Blickensderfer property, and Brittain property. Those tracts are the subject of separate appeals pending before this Court. Plaintiff produced an affidavit showing that only the front 129 feet of defendants' property is included within the National Register of Historic Places. Defendants contend that the front 129 feet is within the City of Hickory Historic District and that the entire tract falls within the Oakwood Historic District listed in the National Register of Historic Places.

Plaintiff commenced this action on 27 April 1993 to condemn the property sought for the purpose of enlarging the facilities at Oakwood School. Defendants' answer alleged that the plaintiff's decision to expand the school on such an inadequate site "is so clearly unreasonable as to amount to a manifest abuse of discretion."

On 31 March 1994, plaintiff filed a motion for summary judgment on all issues, except just compensation. Defendants amended their answers to allege an additional defense that their land was not a "suitable site" under N.C. Gen. Stat. § 115C-517 (1994). Defendants specifically contended that plaintiff's plans to install a culvert in a stream designated as "waters of the United States," as defined in the Clean Water Act, would require a permit from the United States Army Corps of Engineers (Corps of Engineers) before proceeding with the project. Also, defendants contended, pursuant to § 106 of the National Historic Preservation Act, 16 U.S.C.S. § 470f, that the Corps of Engineers had to take into account effects of the plaintiff's plans on defendants' land, which is within the historic district recognized by the National Register of Historic Places. Therefore, defendants

alleged, until the Corps of Engineers issues the required permits, defendants' land is not a "suitable site." Judge James U. Downs heard this matter and granted summary judgment for plaintiff on all issues except just compensation. Defendants appeal.

[1] We first address the issue of whether the trial court's order granting summary judgment on all issues except just compensation is immediately appealable. Citing *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E.2d 772 (1967), defendants contend in their brief that this interlocutory order, leaving unresolved the issue of compensation, is immediately appealable. Plaintiff did not address this issue in its brief. We agree with defendants. In *Nuckles*, our Supreme Court held that a trial court order in a highway condemnation proceeding which resolves all questions except damages is immediately appealable. The court stated it would be an exercise in futility to assess damages if there was still a controversy over what land was being condemned. *Id.* at 14, 155 S.E.2d at 784. Similarly, in *City of Winston-Salem v. Ferrell*, this Court held that a city could immediately appeal a trial court's finding of inverse condemnation in an order which left unresolved the issue of damages. 79 N.C. App. 103, 107, 338 S.E.2d 794, 797 (1986). In a recent case in this Court, we considered on appeal, without discussing the interlocutory appeal issue, a trial court order finding a county had the authority to condemn certain property and reserving for later consideration the issue of compensation. *Dare County Board of Education v. Sakaria*, 118 N.C. App. 609, 613, 456 S.E.2d 842, 845 (1995). Following the precedent of *Sakaria*, *Ferrell* and *Nuckles*, we hold the trial court's order granting judgment for plaintiff on all issues except compensation is immediately appealable.

[2] The main question before us is whether defendants have raised a genuine issue of material fact as to whether the defendants' land constitutes a "suitable site" under N.C. Gen. Stat. § 115C-517. Defendants contend plaintiff's failure to obtain a permit from the United States Army Corps of Engineers creates a genuine issue of material fact with respect to a "suitable site." Defendants argue they are entitled to an evidentiary hearing pursuant to N.C. Gen. Stat. § 40A-47 (1984). We find no genuine issue of material fact and affirm the trial court.

Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen.

Stat. § 1A-1, Rule 56(c) (1990). A genuine issue is one which can be maintained by substantial evidence. *Zimmerman v. Hogg & Allen, P.A.*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974). A material fact is that which would constitute a legal defense preventing the non-moving party from prevailing. *Cheek v. Poole*, 98 N.C. App. 158, 161, 390 S.E.2d 455, 458 (1990). The party moving for summary judgment has the burden of showing that there is no triable issue of material fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). " 'The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim . . . .' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Once the movant meets his burden, the burden then shifts to the non-moving party to show that a genuine issue exists by forecasting sufficient evidence of all essential elements of their claim. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). The court must look at the evidence in the light most favorable to the non-moving party and with the benefit of all reasonable inferences. *Isbey v. Cooper Companies, Inc.*, 103 N.C. App. 774, 775, 407 S.E.2d 254, 256 (1991).

"Eminent domain is the 'power of the State or some agency authorized by it to take or damage private property for a public purpose upon payment of just compensation,' and the manner in which eminent domain may be exercised is prescribed by our General Assembly." *Sakaria*, 118 N.C. App. at 614, 456 S.E.2d at 845 (quoting *Highway Comm'n v. Matthis*, 2 N.C. App. 233, 238, 163 S.E.2d 35, 38 (1968)). Local boards of education may exercise the power of eminent domain "for purposes authorized by other statutes." N.C. Gen. Stat. § 40A-3(b) (Cum. Supp. 1994). One such statute is N.C. Gen. Stat. § 115C-517 (1994), which authorizes local boards of education to

acquire suitable sites for schoolhouses or other school facilities . . . . Whenever any such board is unable to acquire or enlarge a suitable site or right-of-way for a school, school building, . . . or for other school facilities by gift or purchase, condemnation proceedings to acquire same may be instituted by such board under the provisions of Chapter 40A of the General Statutes, and *the determination of the local board of education of the land necessary for such purposes shall be conclusive* . . . .

(Emphasis added). Laws conferring the power of eminent domain must be strictly construed, and are limited to the express terms or clear implication of the act or acts in which the grant of the power of eminent domain is contained. *Sakaria*, 118 N.C. App. at 614, 456 S.E.2d at 845-46.

Defendants contend they offered affidavits which create a genuine issue of material fact concerning a "suitable site." Plaintiffs submitted an affidavit from Stephen D. Chapin, a Corps of Engineers biologist responsible for reviewing construction which may affect waters of the United States to determine whether permits would be required to satisfy Section 404 of the Clean Water Act. After reviewing plaintiff's revised construction plans, Mr. Chapin stated that no permit from the Corps of Engineers under Section 404 of the Clean Water Act would be required. Defendants submitted the affidavit of Guilford Eugene Smithson, a professional engineer with twenty-five years of practice. Mr. Smithson reviewed plaintiff's revised plans and concluded that plaintiff would be required to obtain a permit from the Corps of Engineers. Defendants contend this difference of opinion constitutes a genuine issue of material fact as to whether the land is a "suitable site." We disagree.

The conflicting affidavits of Mr. Chapin and Mr. Smithson raise an issue of fact concerning the need for the plaintiff to secure a permit before proceeding with its expansion. That issue has nothing to do with whether the plaintiff has found the land to be a "suitable site" for its needs, a question within the discretion of the school board. *Sakaria*, 118 N.C. App. at 614, 456 S.E.2d at 846. The courts are bound by this discretionary decision absent an " 'arbitrary abuse of discretion or disregard of law.' " *Id.* (quoting *Board of Educ. v. Allen*, 243 N.C. 520, 523, 91 S.E.2d 180, 183 (1956)). Defendants argue that the recent case of *Dare County Board of Education v. Sakaria*, stands for the proposition that plaintiff must obtain permits from the Corps of Engineers in order for the land to be found a "suitable site." We disagree. The decision in *Sakaria* focused on two specific questions: (1) whether N.C. Gen. Stat. § 115C-517 permits a local board of education to condemn land to be used solely as wetlands mitigation and a source of fill, and (2) whether plaintiff's action of condemning defendants' lots as necessary to build athletic facilities was an arbitrary abuse of discretion. *Id.* at 614, 456 S.E.2d at 846. We held that N.C. Gen. Stat. § 115C-517 gives the local board of education broad authority to condemn land, and that the Board has the discretion to determine what land constitutes a "suitable site" and what land is

"necessary" under N.C. Gen. Stat. § 115C-517. We further found no abuse of discretion even though the Board failed to consider other alternative sites. *Id.* The Board's having already obtained certain permits was not an issue in the appeal. Therefore, defendants' reliance on *Sakaria* is misplaced.

Finally, we find persuasive plaintiff's argument that a presumption exists " 'that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law.' " *Leete v. County of Warren,* 114 N.C. App. 755, 757, 443 S.E.2d 98, 99-100 (1994) (quoting *Painter v. Board of Education,* 288 N.C. 165, 178, 217 S.E.2d 650, 658 (1975) (citations omitted)). Defendants have not overcome this presumption with competent and substantial evidence. *See Leete,* 114 N.C. App. at 757, 443 S.E.2d at 100. Thus, we must presume plaintiff will act in good faith and comply with all applicable state and federal regulations in its plans to enlarge the school facilities. We hold plaintiff was acting in good faith and in accord with the spirit and purpose of N.C. Gen. Stat. § 115C-517.

We therefore hold that defendants' evidence concerning whether plaintiff must secure a permit before beginning work, and the considerations plaintiff must give to the historical district location do not raise material issues of fact as to the property's status as a "suitable site" or to the issue of the Board's discretion in selecting this property.

The trial court's order of summary judgment for plaintiff is

Affirmed.

Judges JOHN and WALKER concur.