The Honorable Kevin Goss State Representative 26 Union Street Wilson, Arkansas 72395-1418
Dear Representative Goss:
I am writing in response to your request for an opinion on the ability of a municipal corporation to reimburse a citizen for the costs of a rental vehicle after the citizen's home and automobile were damaged during the course of a police chase. Specifically, you have enclosed a letter from your constituent who reports that during the course of a police pursuit of a vehicle, the suspect "jumped out of the car he was driving and the car ran across [your constituent's] fence, hit [her] car and [her] wall and did extensive damage to both." Although your constituent's auto insurance paid for the damages to her car and her homeowners' insurance paid for the damages to the wall and other property "there [was] no provision for the rental of a vehicle while [her] car was being repaired." Apparently, your constituent has been told that if "[she] can get, in writing, the opinion of the office of the Attorney General they will pay for the rental car." She therefore requests "an opinion . . . that [the city] will be within [its] legal rights to pay for the rental of the vehicle. . . ."
RESPONSE
I cannot answer this question with a simple "yes" or "no." Municipal corporations are immune from liability and suit for damages, except to the extent that they may be covered by liability insurance. Municipalities are required by law to carry liability insurance on their motor vehicles in minimum amounts or become self-insurers in minimum amounts. Municipal corporations have also been given the authority to provide for hearing and settling tort claims against them. Whether a citizen has a potential tort claim against a city, however, will depend upon all the facts of a given situation and whether in fact the city was negligent in any manner. The decision of whether to allow payment for a rental vehicle in this instance is a decision for city officials in consultation with the city attorney. I am not invested with authority to make such decisions.
The immunity of political subdivisions is addressed at Section 21-9-301
of the Arkansas Code, which provides as follows:
 (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.
 (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
It has been stated that the purpose of the provision is to "make these government entities bear some responsibility for wrongs to individuals harmed by their negligence, but also to prevent these same entities from exposure to high judgments which would destroy them." Thompson v.Sanford, 281 Ark. 365, 368, 663 S.W.2d 932 (1984) citing 57 Am.Jur.2d, Municipal, Etc., Tort Liability, 52, 56 (1971). The statute applies only in situations involving tort claims and it establishes an express exception to tort immunity when a claim is covered by liability insurance. See City of Caddo Valley v. George, 340 Ark. 203, 9 S.W.3d 481
(2000).[1]
Political subdivisions are required by a separate statute to carry liability insurance on their motor vehicles. Section 21-9-303 provides in this regard as follows:
 (a) All political subdivisions shall carry liability insurance on their motor vehicles or shall become self-insurers, individually or collectively, for their vehicles, or both, in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101
et seq.
In addition to these provisions, Section 21-9-302 of the Arkansas Code provides that:
 Each county, municipal corporation, school district, special improvement district, or any other political subdivision of the state is authorized to provide for hearing and settling tort claims against it.
Although a municipal corporation, therefore, does have authority to settle potential tort claims against it, the question of whether it may or should do so will depend upon all the pertinent facts.
I presume that the city, as required by law, has covered its motor vehicles with liability insurance. Reference to any pertinent insurance provisions, however, may be necessary to determine the extent of liability insurance and thus the extent of the exception to immunity.
Additionally, a factual question is presented as to whether the city or city officials were in any way negligent under the facts you describe and if so, whether their negligence was the proximate cause of the accident. It is possible for a city to bear some liability for actions taken in a police chase, even where the city police vehicle is not the vehicle that caused the damage in question. See Caddo Valley v. George, supra, and Note, City of Caddo Valley v. George: Stop or I'll Sue! Police Chases andthe Price Cities May Pay, 55 Ark. L. Rev. 425, 426 (2002) (stating that: ". . . although the pursuing officer may not be directly involved in the accident, a jury may still find that his negligence was the proximate cause of the plaintiff's injuries"). The facts in the Caddo Valley case were distinct from the limited facts you present, however. In any event, questions involving the city or the city employees' negligence and proximate causation are ones of fact, not ones of law that may be determined in an Attorney General's opinion.
Again, municipal corporations have authority to hear and settle tort claims against them. A.C.A. § 21-9-302. The decision of whether to settle a particular claim is invested with city officials, presumably in consultation with the city attorney. City officials exercise discretion as to which, if any, claims to settle under 21-9-302. See Op. Att'y. Gen. 89-034.
This discretion is not unlimited, however. It has been concluded, at least by the courts of other states, that a "municipality cannot lawfully make an appropriation of public moneys except to meet a legal and enforceable claim, and can make no payment upon a claim which exists merely by reason of some moral or equitable obligation which a generous, or even a just, individual, dealing with his own moneys, might recognize as worthy of some reward." Brown v. Board of Commissioners of RichmondCounty, 223 N.C. 744, 28 S.E.2d 104 (1943), citing 38 Am. Jur., 91, sec. 399 (n. 19). See also, 64A CJS § 1573(c). Other states apparently allow the payment of claims where a moral, if not legal obligation exists.State ex rel. Canton v. Anderson, 159 Ohio St. 159, 111 N.E.2d 248 (1953) (stating that "[i]t has long been the practice in this state for legislative bodies of political subdivisions to enact statutes or ordinances appropriating money to pay claims which are by law unenforceable against the subdivisions, but which on principles of justice and equity constitute moral obligations of the subdivisions" but agreeing with the lower court's statement that: "public officials, it would seem, should consider themselves rather as trustees than philanthropists in the appropriation and disbursement of public funds"). Although there are apparently no Arkansas cases addressing the precise question with regard to a potential tort claim against a municipality, the general language of these cases is instructive. See also generally,
Arkansas Constitution, art. 12, § 5 ("[n]o county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual")
Again, the decision of whether the city may appropriate money to pay for a citizen's rental car expenses will depend upon all the surrounding facts and is a decision vested in city officials, not the Attorney General.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The immunity granted by this statute does not include immunity from liability for intentional torts. See Deitsch v. Tillery, 309 Ark. 401,833 S.W.2d 760 (1992); and Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431
(1989).