JOHN S. COLLIER AND BRYAN COLLIER, INDIVIDUALLY AND ON BEHALF OF THE PANILLA CORPORATION, PLAINTIFFS v. JUDITH J. COLLIER, AS SOLE DIRECTOR AND VICE PRESIDENT OF THE PANILLA CORPORATION AND PANILLA CORPORATION, DEFENDANTS

No. COA09-786

(Filed 18 May 2010)

**Corporations— issuance of share certificates—summary judgment**

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' claim that defendant corporation should be required to bring a claim against defendant individual to recover sale proceeds, and requesting share certificates be reissued to plaintiffs. Plaintiffs could only prevail by proving that share certificates were actually issued to them in compliance with N.C.G.S. § 55-6-25. There was no forecast of evidence of the total number of shares issued, and the percentages owned by the various alleged shareholders would be impossible to determine.

Appeal by plaintiffs from order entered 9 December 2008 by Judge James C. Spencer, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 5 November 2009.

*Tenney & Tenney, LLP by Brian H. Tenney, for plaintiff-appellants.*

*Clifton & Singer, LLP, by Benjamin F. Clifton, Jr., for defendants-appellees.*

STROUD, Judge.

Plaintiffs appeal order granting summary judgment in favor of defendants. For the following reasons, we affirm.

### I. Background

Plaintiffs John S. Collier and Bryan Collier alleged in their 22 January 2008 verified complaint that they are shareholders in the Panilla Corporation ("Panilla") but have lost their Certificates of Shares ("share certificates"). Plaintiffs further alleged that defendant Judith Collier wrongfully sold real property belonging to Panilla and kept the proceeds for her own personal use. Plaintiffs requested that Panilla be required to bring a claim against Judith Collier to recover the sale proceeds and that their share certificates be reissued to them. On or about 26 March 2008, defendants Judith Collier and Panilla answered plaintiffs' complaint and filed a motion to dismiss. On or about 12 September 2008, defendants filed a motion for summary judgment. In its 9 December 2008 order the trial court granted summary judgment in favor of defendants. Plaintiffs appeal.

### II. Summary Judgment

A. Standard of Review

Summary judgment should be allowed when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party.

*Fairway Outdoor Adver. v. Edwards*, —— N.C. App. ——, ——, 678 S.E.2d 765, 768-69 (2009) (citation omitted). Furthermore, although the trial court made numerous findings of fact in its order granting summary judgment,

> [s]ummary judgment should be entered only where there is no genuine issue as to any material fact. If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact. Although findings of fact are not necessary on a motion for summary judgment, it is

helpful to the parties and the courts for the trial judge to articulate a summary of the material facts which he considers are not at issue and which justify entry of judgment. The "Findings of Fact" entered by the trial judge, insofar as they may resolve issues as to a material fact, have no effect on this appeal and are irrelevant to our decision.

*Ins. Agency v. Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164-65 (1975) (citations omitted). We therefore do not consider the findings of fact made by the trial court but will review *de novo* whether summary judgment was properly granted. *See Fairway Outdoor Adver.* at ——, 678 S.E.2d at 769; Ins. Agency at 142, 215 S.E.2d 162, 165.

B.  Genuine Issues of Material Fact

Plaintiffs first contend that the trial court erred in concluding that there was no genuine issue of material fact. Plaintiffs argue there is a genuine issue of material fact as to whether they were shareholders. "A genuine issue is one which can be maintained by substantial evidence." *Board of Educ. of Hickory v. Seagle*, 120 N.C. App. 566, 569, 463 S.E.2d 277, 280 (1995) (citation omitted), *disc. review improvidently allowed per curiam*, 343 N.C. 509, 471 S.E.2d 63 (1996).

Shares may or may not be represented by certificates. *See* N.C. Gen. Stat. § 55-6-25(a) (2007). Plaintiffs did not allege that they owned shares without certificates; rather, plaintiffs allege that they owned shares which had certificates, but the certificates were lost. If a share is represented by a certificate,

> [a]t minimum each share certificate must state on its face:
>
> (1) The name of the issuing corporation and that it is organized under the law of North Carolina;
>
> (2) The name of the person to whom issued; and
>
> (3) The number and class of shares and the designation of the series, if any, the certificate represents.

N.C. Gen. Stat. § 55-6-25(b) (2007). The share certificate must also "be signed (either manually or in facsimile) by two officers designated in the bylaws or by the board of directors[.]" N.C. Gen. Stat. § 55-6-25(d) (2007). Thus, plaintiffs can only prevail by proving that share certificates were actually issued to them in compliance with N.C. Gen. Stat.

§ 55-6-25. Plaintiffs' only forecast of evidence that share certificates were issued is alleged in their complaint, their answers to defendants' requests for admissions, and Bryan Collier's affidavit; however, both the complaint and answers to defendants' requests for admissions simply repeat the same allegations as Bryan Collier's affidavit and assert no additional evidence that share certificates were issued to the plaintiffs.

We thus turn to Bryan Collier's affidavit which averred that he had seen share certificates issued in the names of himself, his brother John S. Collier, his half-sister, Pamela Marie Collier, his father, and his defendant stepmother. However, Bryan Collier's affidavit fails to establish a genuine issue of material fact as it does not "maintain[] by substantial evidence" the information needed to prove that plaintiffs were shareholders. *Board of Educ. of Hickory* at 569, 463 S.E.2d at 280. Even assuming *arguendo* that eyewitness testimony alone could be sufficient to establish the existence of share certificates, here the affidavit fails to provide necessary information about the alleged certificates. The affidavit does not state the number of shares issued or that the share certificates were signed by two officers as required pursuant to N.C. Gen. Stat. § 55-6-25(b), (d). *See* N.C. Gen. Stat. § 55-6-25(b), (d); *Board of Educ. of Hickory* at 569, 463 S.E.2d at 280. Plaintiffs' complaint alleges "[t]hat on information and belief the Plaintiffs believing it to be true that Certificates of Shares were issued for Fifty (50) shares to each of the Plaintiffs[.]" However, plaintiffs fail to forecast any evidence for this "belief[.]" In fact, the only individual whom plaintiffs claim saw their Certificates of Shares, Bryan Collier, stated in his affidavit that he did "not recall the exact number of shares on each certificate." Thus, there is no forecast of evidence as to the total number of shares issued, and the percentages owned by the various alleged shareholders would be impossible to determine. Without "substantial evidence" that Panilla issued share certificates in compliance with N.C. Gen. § 55-6-25, plaintiffs cannot demonstrate that they were "shareholders" of Panilla and therefore cannot prevail in their lawsuit. The trial court properly concluded that there was "no genuine issue as to any material fact[.]" *Fairway Outdoor Adver.* at —, 678 S.E.2d at 769; *Board of Educ. of Hickory* at 569, 463 S.E.2d at 280. This argument is overruled.

C. Entitled to Judgment as a Matter of Law

Plaintiffs next contend that "the Defendants were not entitled to judgment as a matter of law[.]" Plaintiffs rely solely on their argument

that Bryan Collier's affidavit created a genuine issue of material fact. As we have already established plaintiffs failed to establish a genuine issue of material fact because plaintiffs failed to bring forth evidence as required by N.C. Gen. Stat. § 55-6-25 to demonstrate that share certificates were actually issued in compliance with the law of North Carolina, defendants were entitled to judgment as a matter of law, as without evidence of share certificates issued in compliance with N.C. Gen. Stat. § 55-6-25 plaintiffs cannot prevail at trial. We reiterate that had plaintiffs alleged they were issued stock without certificates an entirely different analysis would have taken place pursuant to N.C. Gen. Stat. §. 55-6-26; however, because plaintiffs alleged that they were issued certificates, they must show compliance with N.C. Gen. Stat. § 55-6-25. This argument is overruled.

### III. Conclusion

We conclude that the trial court properly granted summary judgment in favor of defendants.

AFFIRMED.

Judges STEPHENS and BEASLEY concur.