Yates Constr. Co. v. Bostic, 2014 NCBC 19.

STATE OF NORTH CAROLINA

ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 977

YATES CONSTRUCTION COMPANY,
INC.,

          Plaintiff,

v.

JOSEPH E. BOSTIC, JR., and JEFFREY
L. BOSTIC,

          Defendants.

**ORDER AND OPINION**

*McKinney & Tallant, P.A. by Zeyland G. McKinney, Jr. for Plaintiff.*

*Nexsen Pruet, PLLC by David S. Pokela and Christine L. Myatt for Defendant Jeffrey L. Bostic.*

Murphy, Judge.

**THIS MATTER** is before the Court on Defendant Jeffrey L. Bostic's ("Defendant") Motion for Summary Judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure (the "Motion").

Having considered the Motion, the briefs and exhibits filed in support and opposition to the Motion, and the arguments of counsel made at a hearing held on December 17, 2013, the Court **GRANTS** the Motion.

I.

PROCEDURAL BACKGROUND

{1}    Plaintiff Yates Construction Company, Inc. ("Plaintiff") instituted this action on June 6, 2012 in Rockingham County, North Carolina, alleging a cause of action for constructive fraud against Defendant and Melvin E. Morris ("Mel Morris"). (Compl. ¶¶ 80–109). The Complaint also included causes of action for aiding and abetting constructive fraud against Tyler Morris, Michael Hartnett, and Joseph E. Bostic, Jr. (Compl. ¶¶ 110–29).

{2}    By order dated January 18, 2013, the Court dismissed Plaintiff's claim for aiding and abetting constructive fraud, effectively removing Tyler Morris and

Michael Hartnett as defendants in this case. *Yates Constr. Co., Inc. v. Bostic*, No. 12 CVS 977 ¶ 12 (N.C. Super. Ct. Jan. 18, 2013) (dismissing Plaintiff's claim for aiding and abetting constructive fraud against Tyler Morris and Michael Hartnett).

{3} On May 24, 2013, Plaintiff dismissed Mel Morris as a defendant, with prejudice. (Pl.'s Stipulation of Dismissal of Melvin Morris, May 24, 2013).

{4} Defendant filed the Motion presently before the Court on June 19, 2013.

{5} Plaintiff filed its Response to the Motion on August 5, 2013 and Defendant filed his Reply in Support of the Motion on August 30, 2013.[1]

{6} The Court held a hearing on the Motion, in conjunction with identical motions for summary judgment in companion cases (*Phillips and Jordan, Inc. v. Bostic* (11 CVS 53) and *American Mechanical, Inc. v. Bostic* (12 CVS 1384)) on December 17, 2013.

II.

FACTUAL BACKGROUND

{7} The Court recites material and uncontroverted facts from the record for the purpose of deciding the motion and not to resolve issues of material fact. *See Collier v. Collier*, 204 N.C. App. 160, 161–62, 693 S.E.2d 250, 252 (2010) (citing *Hyde Ins. Agency v. Dixie Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164–65 (1975)).

{8} Plaintiff is a corporation organized under the laws of North Carolina with its principal place of business in Rockingham County, North Carolina. (Compl. ¶ 1).

{9} Defendant is a resident of Georgia. (Compl. ¶ 9).

{10} As a subcontractor, Plaintiff rendered services on construction projects with companies in which Defendant had at least an ownership interest (principally

---

[1] Defendant filed a Motion to Strike the last sentence in Plaintiff's Brief in Opposition to the Motion for Summary Judgment and Objections to Purported Evidence Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment on August 30, 2013. Subsequently, Plaintiff filed a Motion to Strike Defendant's Reply Brief and Objections to Purported Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment on December 5, 2013. Because the Court concludes that none of the arguments contained in the aforementioned motions nor the opposing parties' responses thereto are essential to the Court's determination of the present Motion for Summary Judgment, the Court concludes that a ruling on those motions is unnecessary.

Bostic Construction, Inc. ("BCI") and Bostic Development, LLC (collectively, the "Affiliated Companies")). (Compl. ¶¶ 3, 20).

{11} This lawsuit stems from BCI's failure to pay Plaintiff in full for work Plaintiff performed on the construction projects. (*See* Compl. ¶¶ 79–109).

{12} In the Complaint, Plaintiff alleges that Defendant and Mel Morris, in their capacities as officers or directors of BCI, engaged in deceptive and fraudulent business schemes by locating properties near a college or university to build multi-housing units and apartments on. (Compl. ¶ 57(a)). After locating a property, Defendant and Mel Morris would seek out third-party equity investors to fund the project or to provide the property for the project. (Compl. ¶ 57(b)). Defendant and Mel Morris would then form a "Project LLC", take out a construction loan, and enter into a construction contract between BCI and the Project LLC. (Compl. ¶¶ 57(d), (o)). Thereafter, according to Plaintiff, Defendant and Mel Morris would enter into subcontracts for services and materials for the project, all the while understating the actual costs of construction. (Compl. ¶¶ 57 (q)–(s)). Defendant and Mel Morris then used their positions and control over the Affiliated Companies to create "a relationship wherein the Plaintiff trusted that [Defendant and Mel Morris] would use the construction loan proceeds for each project to pay for the actual costs of each project . . . ." (Compl. ¶ 86).

{13} Generally, Plaintiff contends that Defendant and Mel Morris used a group of sham companies to "commingle, misuse, and misappropriate the construction loans provided to finance the construction projects on which the Plaintiff performed services" and rather than holding loan proceeds to pay off debts for a particular project, Defendant and Mel Morris used the proceeds to advance large sums of money to other companies owned by them and make preferential payments for their own benefit. (Compl. ¶¶ 85, 91–93).

{14} A Chapter 7 involuntary bankruptcy petition was filed against BCI on January 17, 2005. *Yates Constr. Co*, No. 12 CVS 977 at ¶ 10.

{15} In response to BCI's failure to pay Plaintiff for the work performed on the projects, Plaintiff instituted this action against Defendant for constructive fraud.

{16} Although Plaintiff originally included Mel Morris in this action for constructive fraud, Plaintiff dismissed him from the lawsuit with prejudice on May 24, 2013.

### III.
### LEGAL STANDARD

{17} "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (quoting N.C.G.S. § 1A-1, Rule 56(c) (2013)). Here, the Court considers the facts in the light most favorable to Plaintiff. *See Ron Medlin Constr. v. Harris*, 364 N.C. 577, 580, 704 S.E.2d 486, 488 (2010).

### IV.
### ANALYSIS

{18} Plaintiff's sole claim against Defendant is for constructive fraud. A cause of action for constructive fraud "arises where a confidential or fiduciary relationship exists, which has led up to and surrounded the consummation of the transaction in which [the] defendant is alleged to have taken advantage of his position of trust to the hurt of [the] plaintiff." *Forbis v. Neal*, 361 N.C. 519, 528, 649 S.E.2d 382, 388 (2007) (citations omitted) (internal quotation marks omitted).

{19} Generally, directors and officers of a corporation are not liable, solely by virtue of their offices, for torts committed by the corporation or its other directors and officers. *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 57, 554 S.E.2d 840, 845 (2001) (citation omitted). Furthermore, Defendant, as a director or officer of BCI, may only be liable to a creditor of BCI for "'a tort personally committed by [him] or one in which he participated.'" *Id.* (citation omitted).

{20} In his capacity as Plaintiff's Rule 30(b)(6) designated deponent, Bret Lee Arnold ("Arnold") testified that he met with and spoke to Defendant on only one occasion in September 2004. (Yates Constr. Dep. 43:20–54:18, 68:23–69:25, March

13, 2013). This is the only instance that any employee or officer of Plaintiff ever communicated with Defendant. (Yates Constr. Dep. 68:23–69:25). At the September 2004 meeting, Arnold informed Defendant that Plaintiff had been trying to get paid on the projects, to which Defendant responded that everyone would get paid but he did not know how long it would take. (Yates Constr. Dep. 49:7–52:25). Arnold did not consider this meeting as wrongful conduct by Defendant and Plaintiff had no specific knowledge of any wrongful conduct by Defendant prior to September 2004. (Yates Const. Dep. 94:23–95:14).

{21} According to Arnold, Plaintiff had no evidence that Defendant was either involved in the day-to-day operations of BCI or that he actually participated in any of the acts giving rise to the allegations in the Complaint. (Yates Constr. Dep. 71:4–75:1, 80:4–95:14). Specifically, Mr. Arnold testified that Plaintiff had no factual evidence that Defendant controlled the bank accounts of BCI, disbursed any of the money for BCI that is alleged to have been disbursed, was involved in any decision to pay Plaintiff in early July 2004, did anything to cause Plaintiff to enter into or perform under any of the contracts related to the projects in dispute, or that Plaintiff had received any distributions of money. (Yates Const. Dep. 71–111). Most importantly, Plaintiff is unaware of Defendant's role in any of the companies Plaintiff alleges were set up to defraud it; only that he was a party or principal. (Yates Constr. Dep. 115:10–118:11). Basically, Plaintiff's allegations against Defendant were limited to "the title that he held or his involvement with the entity as a principal or a . . . partner in the entity). (Yates Dep. 129:6–130:18).

{22} Plaintiff seemingly bases all of its allegations against Defendant on the mere fact that Defendant was an owner or member of BCI and other entities. (*See* Yates Constr. Dep. 86, 92, 108, 110). Defendant's status as an owner of BCI and other entities, alone, is insufficient to hold him legally accountable for an injury to Plaintiff, a third-party creditor of BCI.

{23} Accordingly, Plaintiff has presented no evidence to support a finding that Defendant actually took advantage of a position of trust to the hurt of Plaintiff that could constitute constructive fraud. In fact, the evidence before the Court points

unerringly to the conclusion that Defendant did not participate in the tort for which he has been sued. Accordingly, it is unnecessary to address Plaintiff and Defendant's remaining arguments regarding the elements of constructive fraud.

V.

CONCLUSION

{24} For the reasons stated herein, the Court **GRANTS** the Motion and dismisses Plaintiff's claim for constructive fraud against Defendant Jeffrey L. Bostic with prejudice.

**SO ORDERED**, this the 12th day of May, 2014.