Phillips & Jordan, Inc. v. Bostic, 2014 NCBC 18.

STATE OF NORTH CAROLINA

GRAHAM COUNTY

PHILLIPS AND JORDAN, INC.,

            Plaintiff,

v.

JEFFERY L. BOSTIC,

            Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 53

**ORDER AND OPINION**

*McKinney & Tallant, P.A. by Zeyland G. McKinney, Jr. for Plaintiff.*

*Nexsen Pruet, PLLC by David S. Pokela and Christine L. Myatt for Defendant Jeffrey L. Bostic.*

Murphy, Judge.

**THIS MATTER** is before the Court on Defendant Jeffrey L. Bostic's ("Defendant") Motion for Summary Judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure (the "Motion").

Having considered the Motion, the briefs and exhibits filed in support and opposition to the Motion, and the arguments of counsel made at a hearing held on December 17, 2013, the Court **GRANTS** the Motion.

I.

PROCEDURAL BACKGROUND

{1}   Plaintiff Phillips and Jordan, Inc. ("Plaintiff") instituted this action on April 1, 2011 in Graham County, North Carolina, alleging a cause of action for constructive fraud against Defendant and Melvin E. Morris ("Mel Morris"). (Compl. ¶¶ 80–109). The Complaint also included causes of action for aiding and abetting constructive fraud against Tyler Morris, Michael Hartnett, and Joseph E. Bostic, Jr. (Compl. ¶¶ 110–29), and for unfair and deceptive trade practices ("UDTP") against all the named defendants. (Compl. ¶¶ 130–43).

{2}   By order dated June 1, 2012, the Court dismissed Plaintiff's claims for aiding and abetting constructive fraud and UDTP, effectively removing Tyler

Morris, Michael Hartnett, and Joseph E. Bostic, Jr. as defendants in this case. *Phillips and Jordan, Inc. v. Bostic*, No. 11 CVS 53 ¶ 66 (N.C. Super. Ct. June 1, 2012) (dismissing Plaintiff's claim for aiding and abetting constructive fraud and UDTP).

{3} On May 24, 2013, Plaintiff dismissed Mel Morris as a defendant, with prejudice. (Pl.'s Stipulation of Dismissal of Melvin Morris, May 24, 2013).

{4} Defendant filed the Motion presently before the Court on June 19, 2013.

{5} Plaintiff filed its Response to the Motion on August 5, 2013 and Defendant filed his Reply in Support of the Motion on August 30, 2013.[1]

{6} The Court held a hearing on the Motion, in conjunction with identical motions for summary judgment in companion cases (*American Mechanical, Inc. v. Bostic* (12 CVS 1384) and *Yates Construction Co., Inc. v. Bostic* (12 CVS 977)) on December 17, 2013.

II.

FACTUAL BACKGROUND

{7} The Court recites material and uncontroverted facts from the record for the purpose of deciding the motion and not to resolve issues of material fact. *See Collier v. Collier*, 204 N.C. App. 160, 161–62, 693 S.E.2d 250, 252 (2010) (citing *Hyde Ins. Agency v. Dixie Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164–65 (1975)).

{8} Plaintiff is a corporation organized under the laws of North Carolina with its principal place of business in Graham County, North Carolina. (Compl. ¶ 1).

{9} Defendant is a resident of Georgia. (Compl. ¶ 10).

{10} As a subcontractor, Plaintiff rendered services on construction projects with companies in which Defendant had at least an ownership interest (principally

---

[1] Defendant filed a Motion to Strike the last sentence in Plaintiff's Brief in Opposition to the Motion for Summary Judgment and Objections to Purported Evidence Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment on August 30, 2013. Subsequently, Plaintiff filed a Motion to Strike Defendant's Reply Brief and Objections to Purported Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment on December 5, 2013. Because the Court concludes that none of the arguments contained in the aforementioned motions nor the opposing parties' responses thereto are essential to the Court's determination of the present Motion for Summary Judgment, the Court concludes that a ruling on those motions is unnecessary.

Bostic Construction, Inc. ("BCI") and Bostic Development, LLC (collectively, the "Affiliated Companies")).  (Compl. ¶¶ 3, 21).

{11}  This lawsuit stems from BCI's failure to pay Plaintiff in full for work Plaintiff performed on the construction projects. (*See* Compl. ¶¶ 78–109).

{12}  In the Complaint, Plaintiff alleges that Defendant and Mel Morris, in their capacities as officers or directors of BCI, engaged in deceptive and fraudulent business schemes by locating properties near a college or university to build multi-housing units and apartments on.  (Compl. ¶ 58(a)).  After locating a property, Defendant and Mel Morris would seek out third-party equity investors to fund the building project or to provide the property for the project.  (Compl. ¶ 58(b)).  Defendant and Mel Morris would then form a "Project LLC", take out a construction loan, and enter into a construction contract between BCI and the Project LLC.  (Compl. ¶¶ 58(d), (o)).  Thereafter, according to Plaintiff, Defendant and Mel Morris would enter into subcontracts for services and materials for the project, all the while understating the actual costs of construction.  (Compl. ¶¶ 57 (q)–(s)).  Defendant and Mel Morris then used their positions and control over the Affiliated Companies to create "a relationship wherein the Plaintiff trusted that [Defendant and Mel Morris] would use the construction loan proceeds for each project to pay for the actual costs of each project . . . ."  (Compl. ¶ 86).

{13}  Generally, Plaintiff contends that Defendant and Mel Morris used a group of sham companies to "commingle, misuse, and misappropriate the construction loans provided to finance the construction projects on which the Plaintiff performed services," and rather than holding loan proceeds to pay off debts for a particular project, Defendant and Mel Morris used the proceeds to advance large sums of money to other companies owned by them and to make preferential payments for their own benefit.  (Compl. ¶¶ 85, 91–93).

{14}  A Chapter 7 involuntary bankruptcy petition was filed against BCI on January 17, 2005. *Phillips and Jordan*, No. 11 CVS 53 at ¶ 14.

{15}  In response to BCI's failure to pay Plaintiff for the work performed on the projects, Plaintiff instituted this action against Defendant for constructive fraud and UDTP.

{16}  Although Plaintiff originally included Mel Morris in this action for constructive fraud, Plaintiff dismissed him from the lawsuit with prejudice on May 24, 2013.

III.

LEGAL STANDARD

{17}  "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'"  *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (quoting N.C.G.S. § 1A-1, Rule 56(c) (2013)).  Here, the Court considers the facts in the light most favorable to Plaintiff.  *See Ron Medlin Constr. v. Harris*, 364 N.C. 577, 580, 704 S.E.2d 486, 488 (2010).

IV.

ANALYSIS

{18}  Constructive fraud is the only claim remaining against Defendant following the Court's dismissal of Plaintiff's UDTP claim.  A cause of action for constructive fraud "arises where a confidential or fiduciary relationship exists, which has led up to and surrounded the consummation of the transaction in which [the] defendant is alleged to have taken advantage of his position of trust to the hurt of [the] plaintiff."  *Forbis v. Neal*, 361 N.C. 519, 528, 649 S.E.2d 382, 388 (2007) (citations omitted) (internal quotation marks omitted).

{19}  Generally, directors and officers of a corporation are not liable, solely by virtue of their offices, for torts committed by the corporation or its other directors and officers.  *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 57, 554 S.E.2d 840, 845 (2001) (citation omitted).  Furthermore, Defendant, as a director or officer of

BCI, may only be liable to a creditor of BCI for "'a tort personally committed by [him] or one in which he participated.'" *Id.* (citation omitted).

{20} In his capacity as Plaintiff's Rule 30(b)(6) designated deponent, Randy Jordan ("Jordan") testified that neither he, nor any other employee of Plaintiff, had ever communicated or interacted with Jeff Bostic. (Phillips Dep. 35:6–36:23, 64:15–66:22, 153:11–154:6, 162:2–16, March 12, 2013). In fact, Jordan only observed Defendant at BCI's Greensboro office on one occasion, but did not speak to Defendant or otherwise "meet" him. (Phillips Dep. 38:4–21, 41:25–43:16, 154:4–5). More importantly, Jordan confirmed that Defendant made no misrepresentations to Plaintiff, did not induce Plaintiff to enter into the contract with BCI, and that Plaintiff did not rely on anything said or done by Defendant in performing under the contract. (Phillips Dep. 69:10–70:14, 76:5–77:12, 169:20–170:4, 171:23–173:1, 176:10–177:15).

{21} Moreover, Jordan's testimony was that Plaintiff had no knowledge of Defendant's involvement in any of the activities that serve as bases for the allegations of the Complaint (*See* Phillips Dep. 48:20:–53:13, 68:9–69:9, 70:25–71:10, 82:18–84:16, 170:12–171:22, 173:16–175:20, 215:16–216:6), and that he (Jordan) had no knowledge that Defendant played any active role in BCI. (Phillips Dep. 78:22–80:2, 106:7–22).

{22} Plaintiff seemingly premises all of its allegations against Defendant on the mere fact that Defendant was an owner or member of BCI (*See* 170:5–11, 215:16–217:13). Defendant's status as an owner of BCI and other entities, alone, is insufficient to hold him legally accountable for an injury to Plaintiff, a third-party creditor of BCI.

{23} Accordingly, Plaintiff has presented no evidence to support a finding that Defendant actually took advantage of a position of trust to the hurt of Plaintiff that could constitute constructive fraud. In fact, the evidence presented to the Court actually points to a conclusion that Defendant did not participate in the tort for which he has been sued.

{24}  Under the circumstances, it is unnecessary to address Plaintiff and Defendant's remaining arguments regarding the elements of constructive fraud.

V.

CONCLUSION

{25}  For the reasons stated herein, the Court **GRANTS** the Motion and dismisses Plaintiff's claim for constructive fraud against Defendant Jeffrey L. Bostic with prejudice.

**SO ORDERED**, this the 12th day of May, 2014.